Delos A. Blodgett, relator v. James Whaley, high-way commissioner and Asaph Vance, clerk of the township of Clam Lake.

*Laying out highway—Description—Notice.*

An order of a highway commissioner to lay out a highway beginning at a certain point "running nearly in a northwesterly direction near where the travel is now seeking to get the best route" to another specific point, is void for the uncertainty in the description.

The proceedings in laying out a highway cannot be sustained unless it appears that the statutory notice of the proceedings was given.

Certiorari. Submitted Jan. 5. Decided Jan. 18.

*Champlin & More* for relator.

Cooley, J. The writ of *certiorari* in this case brings under review the proceedings on laying out a highway in

the township of Clam Lake. On inspection the proceedings appear to be fatally defective for two reasons:

1. The description of the proposed route is uncertain and for that reason insufficient. In all the papers it is as follows: "In the township of Clam Lake, Wexford county, Michigan, commencing three rods south of the quarter post on the east line of section ten in said township, running nearly in a northwesterly direction, near where the travel is now seeking to get the best route, continuing the said highway till it gets to the limits of the city of Cadillac." No survey appears, and no monuments except as indicated in this description. A line "near" a route not yet found, but which "travel is now seeking," must be as uncertain a line as ingenuity could well suggest.

2. It does not appear that notice of the application to lay out the highway was ever given. There is no proof of notice on file, and plaintiff in error denies having received any. The absence of proof of notice is fatal. *Gray v. Commissioner of Highways* 40 Mich. 165; *Names v. Commissioners of Highways* 30 Mich. 490.

The proceedings must be quashed.

The other Justices concurred.