## LOUIS WIEGERT v. JOHN C. FRANCK.

### *Specific performance— Uncertainty.*

1. A bill in equity is no evidence for complainant; and where the case is submitted on bill and answer, and no exceptions are filed to the latter, relief must be based on the admissions in the answer. And if it denies or does not admit any averment that is material to the prayer for relief, the bill must fail.

2. Specific performance was asked of a contract to convey a strip of land described as " four rods wide along the St. Cosme line road, or if necessary to cover a certain ditch or water-course the said strip of land is to be five rods  *  *  *  or any other width not to exceed five rods." The bill stated the amount of land as "five rods wide *  *  * and of sufficient width to cover a ditch or water-course *  *  * said strip being about five rods wide and being two and twenty-hundredths acres of land." The answer denied the statement of acreage. The decree required a conveyance of *four* rods, "containing two acres and twenty-hundredths of an acre." *Held,*

that the contract was too uncertain to be enforced without extrinsic evidence, and that the decree, which followed neither contract nor bill, was unwarranted.

Appeal from Wayne. (Chambers, J.) Jan. 23—Jan. 28.

BILL for specific performance. Defendant appeals. Reversed.

*Henry M. Cheever* for complainant. While an answer called for on oath is to be received as true as far as it is responsive to the averments of the bill, affirmative matters of defense, which are thus set up, must be proved : *Hart v. Carpenter* 36 Mich. 402; *Ramsdell v. Millard* Har. Ch. 373; *Attorney General v. Oakland County Bank* Walk. Ch. 90; *Van Dyke v. Davis* 2 Mich. 144; *Hunt v. Thorn* id. 213; where an answer is called for on oath and the defendant, of his own knowledge, fully and fairly negatives any allegation of the bill, complainant can have no relief depending upon that allegation unless the answer is overcome by more than the equally full testimony of one witness : *Roberts v. Miles* 12 Mich. 297.

*William B. Jackson* for defendant. Where an answer which is put in issue admits a fact and insists upon a distinct fact by way of avoidance, the fact admitted is established, but the fact insisted upon must be proved, otherwise the admission stands as if the fact in avoidance had not been averred : 2 Whart. Ev. § 1104; *Clements v. Moore* 6 Wal. 315 : but the reason of this rule was that defendant could not be a witness in his own behalf : *Schwarz v. Wendell* Walk. Ch. 297; and an answer in chancery responsive to the bill has the same force as defendant's deposition : *Roberts v. Miles* 12 Mich. 306.

CHAMPLIN, J. Complainant filed his bill to compel defendant to specifically perform the following contract :

" This agreement, entered into this 15th day of January, A. D. 1880, between John C. Franck, of the township of Ecorse, Wayne County, Michigan, party of the first part, and Louis Wiegert, party of the second part, of the same place. The party of the first part, for and in consideration of the sum of eighty dollars per acre, agrees to sell, assign and set over to the said party of the second part a strip of land four rods wide along the St. Cosme line road ; or if

necessary to cover a certain ditch or water-course, the said strip of land is to be five rods along said St. Cosme line road or any other width not to exceed said five rods along said St. Cosme line road. Said strip of land is to be surveyed, and is to be of uniform width throughout, and extending to the rear of said farm. And it is further agreed that all suits now pending between said parties, either of a civil or criminal nature, are to be discontinued.

That said John C. Franck reserves to himself the wood now cut and the crop of wheat now growing on said strip of land, and allows said Louis Wiegert to enter upon said strip of land to open the ditch or water-course through said wheatfield. The terms of this agreement are to be fulfilled before the first day of September, A. D. 1880. The strip of land above mentioned is situate, lying and being in the township of Ecorse, Wayne county, Michigan, and known and described as the westerly part of private claim number forty-three (43), eighty-three (83) and ninety-two (92).

John C. Franck.<br>Louis Wiegert.

Witness:     Henry N. Brevoort.

*Dated this* 15th *day of Jan'y, A. D.* 1880."

The bill of complaint states " that said John C. Franck was, on the 15th day of January, A. D. 1880, the owner in fee of the following real estate, situate in said county, to wit: A strip of land off of the westerly part of private claims numbered forty-three, eighty-three and ninety-two, said strip being *five* rods wide on the St. Cosme line road, and of sufficient width to cover a ditch or water-course running across one of said private claims, and said strip being about five rods wide, and being two and 20-hundredths acres of land ;" that on said day defendant, as such owner, contracted in writing to sell the same to the orator for the sum of $80 per acre, which contract is made a part of his bill of complaint, and set out as an exhibit, being the same as above set forth ; that payment was to be made by the orator before September 1, 1880, and that on August 31, 1880, he tendered to defendant full payment for said strip of land under said contract, being $175, and demanded from said defendant a good and sufficient deed therefor; and that defendant utterly

refused to receive the money or make a deed; and that again on the 11th day of November, 1880, he again caused a tender of $175 to be made to defendant, and at the same time tendered a warranty deed and requested defendant to execute the same, when he again refused to receive the money or execute the deed; that the land is worth more than $100 in value; that on October 16, 1880, he took possession and built a shanty, and defendant thereupon forcibly ejected the orator and destroyed the shanty, and refuses to permit the orator to occupy the land, or to execute a deed. Prays for an answer under oath, and that the agreement may be specifically performed, and defendant decreed to execute a warranty deed of said premises, and to surrender possession thereof to the orator; declaring himself ready and willing, and offering to perform the said agreement in all things on his part and behalf.

Defendant answered under oath, admitting that on the 20th day of January, 1880, he was the owner in fee of the strip of land described in the exhibit annexed to complainant's bill, but he avers "that he was then and still is a married man, and has a wife still living, and that said strip of land was and is a part of his homestead, upon which, at the date of said contract, he then was and still is living with his said wife and family as a homestead; and that by reason of the premises, said contract was made null and void at the time of the execution thereof; and that his said wife refuses to join in any conveyance of said land to said complainant, or to release her right of dower therein, and by submitting he is unable to make a perfect title to said complainant of said premises. That he admits that he executed the contract referred to in section 3 of said bill; but he is advised by his counsel and avers the fact to be, that said contract is absolutely void, for the reason hereinbefore set forth, and for the further reason that the description of the strip of land then attempted to be conveyed is so vague and uncertain that the same cannot be specifically performed. That he admits the facts set forth in section 4 of said bill, that payment was to be made before September 1, 1880. That he admits that

complainant tendered him $175 on or about the 31st day of August last, but he was unable to make a good and sufficient deed thereof to said complainant; and he further avers that he was under no legal obligation to make the same, for the reason heretofore stated and set forth. And he admits that on the 11th day of November last complainant again tendered him said $175, and requested him and his wife to execute a warranty deed to said lands, and that this defendant and his wife refused to execute the same; and he avers, as matter of law, that he was under no legal obligation to execute the same; and he avers, as matter of fact, that his wife absolutely refused to join with him in said conveyance of said strip of land. He admits that said land exceeds $100 in value. He denies that complainant ever took possession of said land, or built a shanty thereon, or commenced living there, or working said land, except as hereinafter stated and set forth. But he says in the afternoon of said 16th day of October last, and about 5 P. M., said complainant entered upon said strip of land, and built a shanty thereon, in the absence of this defendant; that about 6 P. M. this defendant returned to his home, and found out what had been done by complainant in his absence, and thereupon this defendant and his wife expelled said complainant from said premises, and tore down said shanty, and put the same on the St. Cosme line road, where it still remains. This defendant avers that in making said entry said complainant was a trespasser, and that this defendant had a legal right to expel him from said premises as heretofore related and set forth. And he admits that he refused to allow complainant to occupy such lands or any part thereof. This defendant, further averring, says that no survey has been made of said strip of land, as provided for in said contract, to the knowledge of the defendant; and he denies that the full execution of said contract requires the conveyance to complainant by the defendant of two and twenty-hundredths acres of land.

No replication was filed, and the cause came on for hearing upon the pleadings, and the circuit court sitting in chancery pronounced the following decree:

"It is now by the court declared, adjudged, and decreed, that the contract in the pleadings mentioned and referred to be specifically performed and carried into execution by the parties thereto as follows : That the said defendant shall, upon payment being made to the register of this court for the land hereinafter described, at the rate of eighty dollars per acre, execute to the said complainant, Louis Wiegert, a good and sufficient warranty deed of the said land, whenever such a deed shall be tendered to the said defendant for execution, after payment of the purchase price of the said land as aforesaid. The said land is described as follows : A strip of land off the westerly part of private claims numbered forty-three, ninety-two and eighty-three, in the township of Ecorse, in the county of Wayne, said strip being off the westerly end of said defendant John C. Franck's land, and four rods in width on the St. Cosme line road, and running four rods in width across the whole of said defendant's land, from the St. Cosme line road to the rear of the said defendant's farm, containing two acres and twenty-hundredths acres of land. And it is further adjudged and decreed that the said defendant shall, at the time of the execution of the said warranty deed, deliver to the said complainant possession of the said strip of land, and in default thereof that a certified copy of this decree stand in lieu of such deed, and be recorded by complainant for the purpose of a deed."

The defendant appeals, and claims that the decree is erroneous for two reasons :

*First.* That the answer is responsive to the bill in that it alleges that the contract set out is null and void for the reason that the land being part of his homestead, and the contract not being signed by the wife, it was of no legal validity.

*Second.* That the contract is so uncertain that a court of equity ought not to and cannot enforce it specifically.

The bill of complaint is no evidence for complainant. Whatever relief can be had must be predicated upon the admissions contained in the answer of the statements contained in the bill. No exceptions were filed to the answer for insufficiency. If, therefore, there are any statements in the bill material to the relief sought, not admitted by the answer, or if any such statements are denied by the answer, the complainant must fail. The purchase price was to be

paid by the acre, and no quantity is stated in the contract. The bill, however, states the quantity to be two and twenty-hundredths of an acre. This the answer denies. Independent of this averment in the bill, there are no data either in the bill or contract to indicate the quantity of land, or from which, as the record stands, it can be ascertained.

The second objection to the relief given by the circuit court is well taken. The contract is too uncertain to be specifically enforced by a court of equity, at least without the aid of extrinsic evidence. The description of the land in the written contract is: "A strip of land four rods wide along the St. Cosme line road, or if necessary to cover a certain ditch or water-course the said strip of land is to be five rods along said St. Cosme line road, or any other width not to exceed said five rods along said St. Cosme line road. Said strip of land is to be surveyed, and is to be of uniform width throughout, and extending to the rear of said farm. * * * The strip of land above mentioned is situate, lying and being in the township of Ecorse, Wayne county, Michigan, and known and described as the westerly part of private claim number forty-three (43), eighty-three (83) and ninety-two (92)."

It does not appear from the bill that any survey has been made, and the defendant avers that no survey has been made. It is impossible from the contract to say what the width of the strip of land is on the St. Cosme line road. The contract leaves it entirely uncertain, and it appears from the bill that the complainant is equally uncertain. He states that it is a "strip of land off the westerly part of private claims numbered forty-three, eighty-three and ninety-two, *said strip being five rods wide on the St. Cosme line road, and of sufficient width to cover a ditch or water-course running across one of said private claims, and said strip being about five rods wide, and being two and 20-hundredths acres of land.*"

The decree of the circuit court follows neither the description claimed by the complainant nor that embraced in the contract, but requires the defendant to convey by warranty

deed a strip *four* rods in width off of the westerly part of said private claims, containing two acres and twenty-hundredths of an acre. This decree is entirely unwarranted. The pleadings contain no basis for such description, nor for the quantity of land, but assumes the amount arbitrarily to be two acres and twenty-hundredths, against defendant's positive denial, and requires the defendant to convey upon payment to the register of the court at the rate of $80 per acre.

The decree of the circuit court must be reversed, and a decree entered here dismissing the bill of complaint, with costs of both courts.

The other Justices concurred.