CHAPMAN *v.* CITY OF SAULT STE. MARIE.

1. DEDICATION—PRIVATE ALLEY—EVIDENCE—SUFFICIENCY.

On the issue whether an alley was a public or merely a private way, evidence examined, and *held*, that it was open to the jury to find that while the primary motive of the person opening the alley was his own convenience, he intended to confer upon the public the same rights he had in it.

2. SAME—CONVEYANCE—EFFECT.

The mere fact of recording a conveyance of right of way over a lane or alley in use by the public, without any other notice to the public, and with out any change in the use of the alley or exercise of ownership over it, will not of itself change the character of the alley from public to private, so as to prevent the running of the statute of limitations.

3. SAME—EVIDENCE—SUFFICIENCY.

On the issue whether an alley was a public or merely a private way, evidence examined, and *held*, that it was competent for the jury to find a dedication to the public from user for the statutory period, but that there was no competent evidence of acceptance by the public.

4. SAME—ACCEPTANCE—NECESSITY.

In order that a way customarily used by the public may become a public way by user, the public must not only use it as a thoroughfare, but the implied dedication must be accepted by the public authorities, and the way taken in charge and maintained as other highways.

5. SAME—EJECTMENT—BURDEN OF PROOF.

In ejectment against a city to recover a strip of land used as an alley, the city claiming it to have been dedicated by user, the burden is upon the city to show that the dedication was accepted by the public authorities.

6. ESTOPPEL—DEEDS—AFTER-ACQUIRED TITLE.

Where one having possessory rights in land, the title to which is in the government, conveys it by deed containing full covenants of warranty except as to the government, and afterwards his title is confirmed by the government, the title so acquired inures to his grantee, and a subsequent deed by the grantor to a third person with full covenants is of no effect.

Error to Chippewa; Steere, J.   Submitted May 2, 1906. (Docket No. 140.)   Decided October 1, 1906.

Ejectment by Charles H. Chapman against the city of Sault Ste. Marie.   There was judgment for defendant, and plaintiff brings error.   Reversed.

*John W. Shine*, for appellant.

*George B. Holden*, for appellee.

BLAIR, J.   This is an action of ejectment to recover a strip of land 13 feet wide, off the west side of private land claim No. 33, commonly known as "Ashmun Alley," extending from Portage avenue to Ridge street, two public streets of the city of Sault Ste. Marie.   Plaintiff claimed that

he was the owner of the strip of land in question, that the alley thereon was originally, and still continued to be, a private way; and that such use as the public had made of the alley was consistent with such private character and presumably in recognition thereof. Defendant denied that plaintiff had the record title, claimed that the alley was originally opened as a public alley, and that, whether so opened or not, it had become such by user under section 4061, 2 Comp. Laws, or by adverse possession for the time prescribed by section 9714, 3 Comp. Laws.

The following conveyances and evidence of title of private land claim 33 were shown from the public records: Deed from Samuel Ashmun to John Spaulding, May 2, 1849. Conveyance by John Spaulding to Sheldon McKnight, May 5, 1853, of a "right of way in and over a certain strip of land 13 feet in width," etc., "and being a lane or passage now fenced out and leading from Portage street to Ridge street, nearly in front of Judge Samuel Ashmun's now dwelling house," etc., "and the said lane or passageway shall be for the full term of one hundred years from the date of this instrument of a width not less than thirteen feet." This conveyance of a right of way was not recorded until June 22, 1853. Deed by John Spaulding to Silas H. Ashmun, June 22, 1853. Power of attorney, Silas H. to Samuel Ashmun, June 3, 1853. Lease Silas H. by Samuel Ashmun, his attorney, to John E. Pickining, April 15, 1854, of lot "bounded on the north 27 feet by Portage street, west 100 feet by lane from Portage to Ridge street," etc. Duplicate receipt of the register and receiver of the U. S. Land Office at Marquette to John Spaulding, dated September 21, 1857, pursuant to an act of Congress, entitled "An act to provide for the examination and settlement of claims for land at Sault Ste. Marie in Michigan." Deed, John Spaulding to Samuel Ashmun, July 30, 1858. U. S. patent to John Spaulding, March 29, 1873.

Plaintiff also produced evidence tending to show his acquirement of the title and interest in the property of Silas

H. Ashmun and Sheldon McKnight. It is conceded that, from the time this alley was opened, it was used by the public as freely and fully as they wished or the requirements of travel in that locality demanded, and the evidence tends to show that the public had no intimation that this was a private alley, other than the public records. It appears from the conveyance of the right of way to McKnight that, at that time, May 5, 1853, the alley was defined by fences and connected two public streets or highways. William P. Spaulding, a brother of John, testified that the alley was opened for two or three years before 1853, and it was his impression that it was open in 1849, and then had the appearance of a roadway. That he lived near the alley, knew McKnight and the Ashmuns and others living in the vicinity, and never heard from his brother John or any one else, until this suit came up, that the alley was claimed to be private property. Samuel Ashmun lived on the south side of Ridge street, about opposite the alley, and owned lands on both sides of the alley. John Boucha testified that he heard "the boys and my brother and my father mention that he opened this alley so that he could get in."

Defendant gave evidence tending to show that a ditch had been dug along one side of the alley; that in 1867 or 1868, the south end of the alley at its juncture with Ridge street had been filled in with earth or gravel; that in 1876, a sidewalk had been built on the east side, which had been subsequently repaired; that some 15 years before the trial, filling and grading was done on the center and southern portion of the alley; that in 1897 some gravel was put on the alley by direction of the mayor and paid for by the city; that a resolution was adopted by the city council in 1895, declaring the construction of a sewer in the alley to be a necessary public improvement. Some time in 1886 or 1887, when plaintiff was president of the village, an application for the improvement of the alley was acted upon by the council, and denied. In 1899, the city took possession of the alley and began filling in at the

Ridge street end. With the exception of the grading done by direction of Mayor Webster in 1897, and the sewer resolutions of 1895, there is no direct competent evidence of any action of the municipality or its officers with reference to this alley until 1899, which was the occasion of this suit. Sheldon McKnight, in 1853, lived on Ridge street near the south end of the alley, and was engaged in portaging freight around the rapids. He kept a number of teams, and used the alley in connection with his business.

The circuit judge held that plaintiff had shown title in himself and submitted the case to the jury "squarely upon the question of 20 years' peaceable possession, and we will leave it for you, for your opinion and verdict upon that matter, under instructions which it is the duty of the court to give you relative to peaceable possession." Among other things, the judge instructed the jury as follows:

"It is claimed that this strip was not only traveled by the public, but that it was improved at public expense, and that is a question of fact for you. The user required as a matter of law to sustain the defense must be like that of highways generally. Not only the general public must use it and travel upon it as a thoroughfare, but the implied dedication must be accepted by the public authorities, and the way taken in charge and maintained as other highways. It is for you to say what the testimony shows along that line, but, in connection with other proof, if you find that there is other proof, you have a right to consider acceptance. User, of itself, does not constitute acceptance, but it is competent evidence tending to prove it, and the general use by the public as evidence tending to prove it is for you to consider."

Error is assigned upon this instruction, and it is contended that there was no competent evidence of any improvements of the alley at public expense at a date early enough to bring the case within the statute. It is also urged that this was clearly a private alley and the statutes relied upon were not applicable at all under the doctrine

of *Stickley* v. *Township of Sodus*, 131 Mich. 510 (59 L. R. A. 287), and similar cases.

The question whether this alley was originally laid out as a private way was properly submitted to the jury. So far as the record affords any light, the way would seem to have been originally opened by Samuel Ashmun, probably to gain access to his lands adjoining the alley and to his house on Ridge street opposite the south end of the alley. Whether Ashmun had any title whatever to private land claim 33, upon which to base his deed to Spaulding, does not appear. The natural inference would be from the record that he had no title but merely a claim which might or might not eventually ripen into a title. If this alley was opened as a private way by Samuel Ashmun, as testified by plaintiff's witness, Boucha, then it is apparent that he must have opened it prior to his deed to Spaulding in May, 1849, and it is significant that he made no reservation of this way in his deed. It was open to the jury upon this record to find that while Ashmun's primary motive in opening this alley was his own convenience, he intended to confer upon the public the same rights he had in it.

The mere fact of recording the conveyance to McKnight of a right of way, without any other notice to the public, and without any change in the use of the alley or exercise of ownership over it, would not of itself change the character of the alley from public to private so as to prevent the running of the statute. *Ellsworth* v. *City of Grand Rapids*, 27 Mich. 256.

There is a marked difference between this case and *Stickley* v. *Township of Sodus* and similar cases where the use of the way by the public was for the benefit of the owner of the way and it was originally laid out as a private way.

Plaintiff's counsel insists, however, that even if it was competent for the jury to find a dedication to the public from user for the statutory period, there was no evidence of any acceptance of such dedication and the judge erred

in submitting the question to the jury. · The learned trial judge correctly instructed the jury that "not only the general public must use it and travel upon it as a thoroughfare, but the implied dedication must be accepted by the public authorities and the way taken in charge and maintained as other highways." *Alton* v. *Meeuwenberg,* 108 Mich. 629; *Irving* v. *Ford,* 65 Mich. 241; *Harriman* v. *Howe,* 78 Hun (N. Y.), 280, 155 N. Y. 683.

Important consequences flow from the acceptance of a highway by the public authorities, and the rule is a salutary one which requires that mere user by individuals shall not render the corporate body liable for such consequences. We are unable to find in this record any competent evidence of any act of any public officer or of the expenditure of any of the public funds, prior to 1895, with reference to this alley, and unless the doing of the work shown to have been performed, without any competent evidence as to who did it, permits an inference that it was performed by public officers, there was no evidence of an acceptance of the way by the municipality. The burden of proof was on the defendant to show the acceptance of the way, and we do not think the evidence produced was sufficient to discharge such burden.

Defendant contends that plaintiff failed to establish record title, for the following reasons:

"June 22, 1853, when Spaulding deeded the land to Silas H. Ashmun, through whom plaintiff claims, the fee was in the United States government, and Spaulding, at best, was but a squatter on government land, laying claim to it. He merely had a deed from Samuel Ashmun who in turn had no title to the property.

"In 1857 the contested claims in Sault Ste. Marie were adjudicated by the government, and title to the said land was confirmed and a duplicate receipt for patent issued to Spaulding, September 21st of that year. His next step, July 30, 1858, was to deed this land to Samuel Ashmun, giving him a full covenant warranty deed therefor. In the deed of conveyance of June 22, 1853, to Silas H. Ashmun, Spaulding expressly refused to warrant title against the United States government, in whom the fee of the

land was lodged at the time.    That conveyance amounted to nothing more than to convey a squatter's right, but the conveyance later (after claims had been adjudicated and title to this land was confirmed in Spaulding) to Silas H. Ashmun, warranting title without exception, must be held to have carried title, and plaintiff does not claim through this chain.    *    *    *

"Since the conveyance to Samuel Ashmun of the land in question, he and his heirs and assigns have held possession, occupied and asserted title to said claim 33, except the strip in question, with between two and three feet adjoining, until the present time, the strip, in question having been in use and open to the public as a traveled way by whomsoever desired to pass along it."

There is no testimony in the record to support the claim that since the conveyance to Samuel Ashmun his heirs and assigns have occupied the lands in question. The deed to Silas Ashmun preceded the deed to Samuel Ashmun, and Samuel recognized his title by accepting and acting under a power of attorney from him.    Any title which Spaulding acquired would inure to the benefit and support the title of Silas Ashmun.    The fact that the acts of the United States government were excepted from the covenants of warranty in the deed to Silas and not from the later deed to Samuel is of no importance, since the title was confirmed in and the patent issued to Spaulding.    We think the instruction of the court was correct upon this record.

For the error pointed out, the judgment is reversed, and a new trial granted.

McALVAY, MONTGOMERY, OSTRANDER, and HOOKER, JJ., concurred.