REGAN *v.* ST. JOSEPH COUNTY CONSERVATION
AND SPORTSMAN CLUB.

1. HIGHWAYS AND STREETS—FINDINGS OF FACT—VACATION OF LAKESIDE HIGHWAY.

Finding of trial court in action to vacate portion of lake front highway that the public authorities had never formally accepted the highway, that the county road commission had never evidenced an intention to consider it a county road, that evidence of pedestrian use of the street was insufficient to establish the area as a public thoroughfare, and that the public used other routes to the lake, and therefore, that public objections to the vacation of the highway were unreasonable *held,* supported by the record.

REFERENCES FOR POINTS IN HEADNOTES

[1]  23 Am Jur 2d, Dedication §§ 41, 42, 45, 50, 52, 79.
[2, 3]  23 Am Jur 2d, Dedication § 52.
[4]  23 Am Jur 2d, Dedication §§ 52, 55, 66.
[5]  39 Am Jur 2d, Highways, Streets and Bridges §§ 143–146.

2. SAME—PUBLIC USE—ACCEPTANCE.
   Mere use by the public of a highway is insufficient alone to
   constitute acceptance.

3. SAME—ACCEPTANCE—USE BY PUBLIC—CONTROL BY AUTHORITIES.
   Acceptance of a highway may be reasonably inferred from con-
   tinued use by the public, and exercise of control over it by the
   authorities.

4. SAME—ACCEPTANCE—ABANDONMENT.
   Question as to whether the highway sought to be vacated was
   abandoned is logically precluded by the holding that the area
   was never accepted as a highway.

5. SAME—REASONABLE OBJECTION—VACATION OF HIGHWAY—ACCESS
   TO LAKE.
   Objection to vacation of highway, sought by all adjoining land-
   owners, *held*, to be unreasonable, since principal routes of
   access to the lake will not be disturbed (CLS 1961, § 560.62).

Appeal from St. Joseph; Andrews (Mark S.), J. Submitted Division 3 October 6, 1966, at Grand Rapids. (Docket No. 1,401.) Decided January 24, 1966.

Petition by Lawrence V. Regan, and others, to vacate portions of Lake street which runs along the shore of Corey lake. The St. Joseph County Conservation and Sportsman Club, a nonprofit Michigan corporation, was permitted to intervene. Judgment was granted vacating the street. Intervenor appeals. Affirmed.

*Weiner & Wade* (*Leonard J. Weiner*, of counsel), for petitioners.

*Victor E. Bucknell* and *John L. Schwendener*, for intervenor.

T. G. KAVANAGH, J. On October 26, 1964, this action was brought by the owners of 12 lots fronting

on Corey lake to vacate portions of Lake street, except where the same intersects Outlet, Center, and Elm avenues. Lake street runs along the shore of Corey lake.

Plaintiffs alleged that the portions of the street sought to be vacated had never been used as such, or, if so used, the same had been long since discontinued, that the county road commission had never certified it as a county road or maintained it, and that the area had always been used exclusively by the plaintiffs who own all of the abutting lots.

After hearing and over objections by plaintiffs, the appellant was allowed to intervene and file objections to the petition. Appellant claims that Lake street has been used by the public, that plaintiffs have not had exclusive use of it, and denied that it had been abandoned.

The trial court found that there had never been any formal acceptance of Lake street by public authorities nor had the county road commission ever evidenced an intention to consider it a county road.

Testimony at the trial indicated that prior to the advent of the motor car, horse-driven vehicles occasionally passed along the shore of the lake in front of plaintiffs' lots but that since Three Rivers boulevard was built some 40 years ago, vehicles traveling around the lake have used said boulevard and that for many years the area between plaintiffs' lots and the lake has been impassable to vehicular traffic because of its sandy condition and because of a fence built in 1937 by one of the property owners and maintained substantially as erected, although it has been run into on occasion by vehicles coming off from Outlet avenue. Further testimony showed, that despite the fence and objections by the property owners, pedestrians have walked in front of the lots either to reach a destination beyond or to use the lake in front of the lots for fishing or swimming.

The trial court found that the testimony was not persuasive that the pedestrian use of Lake street was sufficient to establish the area as a public thoroughfare and further, that those who used the lake for recreational purposes reached it primarily via the 3 intersecting avenues. For these reasons the court held the objections raised not to be reasonable and gave judgment for the plaintiffs.

On appeal, we must determine whether the court erred in holding that Lake street was not a public thoroughfare and that the objection raised was not reasonable.

Our review of the record leads us to the conclusion that the factual findings of the trial judge were supported by the proofs.

It is undisputed that there had never been any formal acceptance of Lake street. Appellants argue that the use by the public constituted acceptance. We cannot agree. Mere use alone is insufficient. *South Branch Ranch Co.* v. *Emery* (1916), 191 Mich 188. In *Vance* v. *Village of Pewamo* (1910), 161 Mich 528, the court was dealing with the issue of whether the use of a disputed strip of land was such as would constitute it a public highway, when it stated (pp 533, 534):

"This strip was opened before defendant existed, and there is no evidence in the case that the township authorities ever exercised any control over it. * * * If there was any acceptance, it must have been by continued user by the public, *and such exercise of control over it by authorities* from which an acceptance could be reasonably inferred." (Emphasis supplied.)

Here, no improvements were ever made on Lake street by the authorities nor is there any indication that the county road commission ever considered it to be a public road. The trial court, therefore, did

not err in holding that the pedestrian use of Lake street was not such as would constitute its being a public thoroughfare. This determination logically precludes the issue of whether Lake street had been abandoned.

As authorized by statute,* the court may vacate the portion of Lake street described in appellees' petition unless a reasonable objection is raised thereto. *In re Petition of Upjohn* (1931), 256 Mich 181.

The trial court properly held that no such objection was raised. The public interest in access to the lake, which was the primary concern of the court in the case of *In re Cara Avenue* (1957), 350 Mich 283, would not suffer from this requested vacation since the principal routes of access will not be disturbed. Similarly *In re Petition of Carson* (1961), 362 Mich 409, may be distinguished since none of the objectors here are adjoining property owners as they were in the *Carson Case.*

Affirmed, costs to appellees.

BURNS, P. J., and FITZGERALD, J., concurred.

---

* CLS 1961, § 560.62 (Stat Ann 1965 Cum Supp § 26.492).