VILLAGE OF LAKEWOOD CLUB v ROZEK

1. DEDICATION—ACCEPTANCE.

The acceptance of land dedicated to the public may be either formal or informal, through use or expenditure of public funds.

2. HIGHWAYS—PUBLIC WAY—ACCEPTANCE—MAINTENANCE—PUBLIC USE—CONTROL BY AUTHORITIES.

Acceptance of the dedication of streets and highways as public ways requires continued use by the public, and such exercise of control by public authorities over them from which an acceptance could be reasonably inferred.

3. DEDICATION—PARKS—ACCEPTANCE.

Acceptance of the dedication of "park land" for public enjoyment may be effected by a continued public use of the land for park purposes.

Appeal from Muskegon, Charles A. Larnard, J. Submitted Division 3 January 8, 1974, at Grand Rapids. (Docket No. 15038.) Decided March 4, 1974.

Complaint by the Village of Lakewood Club against Frank Rozek, Virginia R. McNamara, and Roy Orshal for a judgment compelling removal of a fence which obstructed a roadway. Judgment for plaintiff. Defendants appeal. Affirmed.

*Cochran, Vander Ploeg, Collinge & Silky,* for plaintiff.

*Street, Stevens, Schuler, Johnson, Hipkiss, Piasecki & Knowlton,* for defendants.

REFERENCE FOR POINTS IN HEADNOTES
[1–3] 23 Am Jur 2d, Dedication §§ 52–54, 71.

Before: R. B. BURNS, P. J., and BRONSON and VAN VALKENBURG,* JJ.

R. B. BURNS, P. J. The trial court ordered the defendants to remove a fence or other obstructions from a strip of land which had been dedicated to public use. We affirm.

In 1912 a summer resort was launched in the Lakewood area surrounding Fox Lake. The original plat filed with the authorities showed a strip of land, 25 feet in width, practically encircling the entire lake. The strip of land lay between the platted lots and the water's edge. The area was designated "PARK".

The trial judge held that the land had been dedicated to the public and had been accepted by the public through its use of the land.

Both parties agree that the land was dedicated to the public. Both parties agree that there wasn't a formal public acceptance by the authorities.

Acceptance of land dedicated to the public may be either formal or informal, through use or expenditure of public funds. *Rice v Clare County Road Commission,* 346 Mich 658; 78 NW2d 651 (1956).

The type of land dedicated dictates different standards for acceptance of the land. Streets and highways require maintenance by public authorities. Therefore, if there is to be an acceptance of a public way it must be by continued use by the public, and such exercise of control over it by authorities from which an acceptance could be reasonably inferred. *Regan v St Joseph Conser Club,* 5 Mich App 686; 147 NW2d 738 (1967). In *Hooker v Grosse Pointe,* 328 Mich 621; 44 NW2d

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

134 (1950), and *Rice v Clare County Road Commission, supra,* there was public use and the expenditure of public funds for maintenance of the roads.

"Park land" is different than highway. Many times, parks are left in their natural state for people to enjoy. Once dedicated, "park land" may be accepted by continued public use. *West Mich Park Assoc v Dept of Conservation,* 2 Mich App 254; 139 NW2d 758 (1966).

In the present case the trial judge found that the land in question had been accepted as park land by the public use of the land. There is ample evidence in the record to substantiate the trial judge's findings that the general public had used the land for park purposes.

Affirmed. No costs, a public question.

All concurred.