KLEIN v DUDLEY

OPINION OF THE COURT

1. DEDICATION—TOWNSHIPS—EASEMENTS—RIGHT-OF-WAY—HIGHWAYS
   —STATUTES—DEFINITENESS.

   A deed for a right-of-way that had been given to a township was
   an absolute grant and was enforceable where the right-of-way
   could be utilized without violating a statutory plan for mainte-
   nance of highways, the description in the deed was sufficiently
   definite, and any prohibited use of the property may be re-
   strained when and if it occurs.

   DISSENT BY T. M. BURNS, P. J.

2. DEDICATION—EASEMENTS—RIGHT-OF-WAY—HIGHWAYS—TOWNSHIPS
   —COUNTIES—JURISDICTION—STATUTES—STANDING—QUIETING
   TITLE—INTERVENING.

   *The acquisition of a right-of-way for road purposes was an action
   beyond the jurisdiction of a township in 1937 because all
   township roads had become county roads by April of 1936,
   pursuant to statute; therefore, a township which had exceeded
   its jurisdiction by accepting a right-of-way did not have stand-
   ing to intervene in a suit to quiet title to the land which was
   subject to the right-of-way (MCLA 247.1 et seq.).*

3. DEDICATION—HIGHWAYS—EASEMENTS—RIGHT-OF-WAY—ENFORCEA-
   BILITY—VAGUENESS—DESCRIPTION.

   *A deed granting a right-of-way for a road was too vague to be
   enforced where the deed did not define the precise route the
   roadway would take, but left the description to a future agree-
   ment which was never made.*

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 23 Am Jur 2d, Dedication §§ 6, 10.
[4] 23 Am Jur 2d, Dedication §§ 42, 50–52, 59.
[5] 23 Am Jur 2d, Dedication §§ 24, 43, 44, 59, 61.
   Sale of lots with reference to plat as conferring, in absence of
   effective dedication to public, rights upon others than to lot
   owners in respect to streets shown by plats. 172 ALR 167.

4. DEDICATION—HIGHWAYS—ACCEPTANCE—FORMAL—INFORMAL—EX-
   PENDITURE OF FUNDS—MAINTENANCE—EXERCISE OF CONTROL—
   REASONABLE INFERENCE.

   *Acceptance of land dedicated to the public may be either formal
   or informal; the type of land dedicated dictates different stan-
   dards for acceptance of the land; streets and highways require
   maintenance by public authorities, and, if there is to be an
   acceptance of a public way it must be by continued use by the
   public and such exercise of control over it by authorities from
   which an acceptance can reasonably be inferred.*

5. DEDICATION—HIGHWAYS—PLAT DEDICATION—ACCEPTANCE—FORMAL
   —INFORMAL—PUBLIC EXPENDITURES—MAINTENANCE.

   *Acceptance of a deeded roadway must be accomplished in the
   same manner as an acceptance of a plat dedication; either by
   formal acceptance or informally, by public expenditure and
   maintenance.*

Appeal from Mason, Charles A. Wickens, J. Submitted Division 3 December 4, 1974, at Grand Rapids. (Docket No. 19763.) Decided March 12, 1975.

Complaint by Anna Klein, Louis Klein, and Helen Klein against Gordon S. Dudley, and others, to quiet title. Summit Township intervened as a defendant. A default judgment for plaintiffs was set aside as to Summit Township, and judgment was entered for the township holding it held an easement across plaintiffs' property. Plaintiffs appeal. Affirmed.

*Landman, Hathaway, Latimer, Clink & Robb* (by *William M. Newman),* for plaintiffs.

*Leonard J. Gavigan,* for defendant Summit Township.

Before: T. M. BURNS, P. J., and QUINN and O'HARA,* JJ.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

O'HARA, J. We accept in its entirety Judge T. M. BURNS' recitation of facts and his recitation of the procedural sequence in this case.

We are, however, in respectful disagreement with his legal conclusions.

The deed to the township is for a right-of-way for *foot* or vehicular traffic. Thus there is no reason why the township could not utilize the realty for a park trail or other public purpose which would in no wise contravene the McNitt act.[1]

Second, we disagree that the limitation of the deed, to wit, "extending from the intersection of Avenue 'A' and Lenox Avenue southeasterly across Lots 1, 2, 3, and 34 of Block 1, of Bass Lake Park to the shoreline of Bass Lake" is sufficiently lacking in definiteness to meet the test of certainty of description.

We agree with the trial court that the indenture was an absolute grant and enforceable as such. There is plenty of time to restrain any prohibited use of the property by the township if and when it ever occurs.

We would affirm the trial judge, subject to the foregoing limitations.

QUINN, J., concurred.

T. M. BURNS, P. J. *(dissenting)*. This cause arises out of an action to quiet title to certain lands occupied and owned by plaintiffs and described as follows:

"Lots 1, 2, 3 and 34 of Block 1, and Lots 1 and 40 of Block 10, and all that portion of former Avenue A lying east of the east line of Lenox Avenue, and north of the

---

[1] MCLA 247.1 *et seq.;* MSA 9.141 *et seq.* The subsequent repeal by 1951 PA 51 has no effect on the instant case.

northerly lines of Lots 1 and 40, Block 10, and Lots 1 and 34 of Block 1, of Bass Lake Park Subdivision, all in Bass Lake Park Subdivision, according to the recorded plat thereof, Mason County, Michigan."

In February of 1931, Leo and Anna Klein, plaintiffs' predecessors in title, petitioned the Mason County Circuit Court for vacation of that part of Avenue A which bordered their property on the north. The petition was granted on the basis of their representation that no properties would become landlocked by such action. However, after subsequent events revealed that some property would indeed become landlocked, Leo Klein and his wife executed an indenture in 1937 granting defendant Township of Summit a right-of-way over their land for road purposes. That document, which was recorded on March 11, 1938, reads as follows:

"A right of way for foot and vehicle traffic two rods in width extending from the intersection of Avenue 'A' and Lenox Avenue southeasterly across Lots 1, 2, 3, and 34 of Block 1, of Bass Lake Park to the shoreline of Bass Lake.

\* \* \*

"The exact route of said right of way to be agreed upon and hereafter specifically conveyed following a survey."

On May 7, 1965, plaintiffs instituted this action against defendants Dudley, et al., to quiet title to the lakeshore property. On June 15, 1965, defendant Summit Township moved for and was granted permission to enter as an intervening defendant. Following a dismissal of the case for no progress and subsequent reinstatement on motion of the plaintiffs, the trial court granted a default judg-

ment to plaintiffs on November 25, 1969. On February 24, 1970, said default judgment was set aside as to defendant Summit Township, and the township was permitted to submit more detailed pleadings. Trial was then held on July 6, 1971.

At trial, the testimony revealed that no agreement had ever been reached as to the placement of the right-of-way, nor was much ever done by the township or the public to use any right-of-way across the property. Several attempts at surveying a road were made, and some brush cutting was done along a proposed route. The public also occasionally used the pathway across the property.

On August 4, 1971, the lower court filed its opinion finding for defendant Summit Township and judgment was entered accordingly on September 14, 1971. In its opinion, the court held that the indenture was an absolute grant to the township and was enforceable as such. No mention was made of use by the public or township expenditures or work on the road. By the judgment of September 14, 1971, defendant was found to possess a right-of-way for a road across plaintiffs' property, and a survey was ordered to set out the exact route of the road. On February 28, 1974, a supplemental judgment was entered setting out the road according to the intervening survey. Plaintiffs appeal as of right from both judgments.

Plaintiffs first claim that the provisions of the McNitt act[1] deprived defendant Summit Township of jurisdiction over the road right-of-way and thus deprived it of standing to enforce the deed. I agree.

Although not expressly depriving the townships of jurisdiction over all their roads, the clear intent

---

[1] MCLA 247.1 *et seq.;* MSA 9.141 *et seq.;* repealed by 1951 PA 51, § 21. The later repeal has no bearing here. See now MCLA 247.651 *et seq.;* MSA 9.1097(1) *et seq.*

of the McNitt act was to place all township roads under the jurisdiction of the respective counties.

"All township roads became county roads under the McNitt act (CL 1948 § 247.1 *et seq.* [Stat Ann § 9.141 *et seq.]*), and according to its provisions, came under the control of the county board of commissioners. Such taking of control was deferred for obvious administrative reasons, spread over a 5-year period at the rate of one-fifth each year. This act became effective September 18, 1931, and all township roads had become county roads by April 1, 1936, which was prior to the filing of the petition herein." *In re Petition of Wernicke,* 331 Mich 91, 95; 49 NW2d 76 (1951).

See also, *Maynard v Hawley,* 331 Mich 123, 125; 49 NW2d 92 (1951), *Michigan Central Park Association v Roscommon County Road Commission,* 2 Mich App 192, 197; 139 NW2d 333 (1966), *Cotton v Township of Castleton,* 31 Mich App 620, 623; 188 NW2d 39 (1971).

In the case at bar, the indenture was not made until 1937. At that time, the county had jurisdiction and control over all township roads. *Petition of Wernicke, supra.* The issue presented is thus narrowed to the question of whether the township could purchase the right-of-way despite the McNitt act, and if so, was it required to give over control of the roadway to the county under the act?

My reading of the act leads me to the conclusion that under the act, the townships were prohibited from acquiring any property for road purposes. The act removed all highway construction and maintenance responsibility from the township and placed the burden of maintaining township highways on the county road commission. See *Maynard v Hawley, supra.* I find it inconceivable that the Legislature would require the townships to rid themselves of their current roadways, but allow

them to purchase or construct new ones. Such a
finding would, in my opinion, be contrary to the
legislative intent. Therefore, I would hold that the
defendant acted beyond its jurisdiction in acquir-
ing by the 1937 indenture any property for road
purposes. I also note that even if I were to agree
that the township's acquisition was valid, the Mc-
Nitt act required the township to give control over
the roadway to the county. That act was in effect
until 1951, and thus was in continuing effect at
the time of the alleged acquisition by the defend-
ant.

I find, therefore, that the defendant township
was an improper party to the present action be-
cause: (1) it acted beyond its jurisdiction in accept-
ing the indenture and (2) it lost its jurisdiction
over said roadway to the county. The provisions of
the McNitt act deprived defendant of standing in
this case; the proper party to intervene, if it had
so desired, was the county. Although it is my
opinion that defendant did not have standing to
enforce the deed, I shall nevertheless discuss the
other issues raised by plaintiffs which I deem
worthy of consideration.

Plaintiffs next contend that the deed cannot be
enforced due to its indefiniteness. They argue that
since the route of the right-of-way is not set out
anywhere in specific detail, and since it relies on
future, uncertain events for the precise description
of the route, it is too vague to be enforceable.

The indenture in this case did not define the
precise route the roadway was to take, but rather
left the description to a future agreement, which
agreement was never consummated. Defendant
now asks this Court to set out the exact route
across plaintiff's land the highway is to traverse.

In OAG, 1956, No. 2757, p 746, the question of

whether a county road commission could accept a dedication of all roads described in an unrecorded plat was discussed. The Attorney General stated at p 749:

"The above provision clearly indicates that a conveyance executed by an owner of private property, pursuant to an agreement by the Board of County Road Commissioners to purchase a right of way, *must contain an accurate description of that way. There is nothing in the property description contained in the proposed conveyance which would enable anyone to accurately determine the location of any right of way* without having reference to an unrecorded plat in the private files of the grantor. *This does not satisfy the statutory requirement of accuracy of description,* as above, nor is there anything to indicate that the roads are not less than four rods wide, the roads of such width being the only ones over which the Board of County Road Commissioners has authority to purchase a right of way.

"Those defects can be remedied by a proper description of streets and roads of the required width, but there still would remain a question as to the effect of the reservation contained in the conveyance." (Emphasis added.)

For similar discussions concerning uncertainty of described routes, see *Blodgett v Highway Commissioner,* 47 Mich 469; 11 NW 275 (1882), and *Wiegert v Franck,* 56 Mich 200, 206–207; 22 NW 303 (1885).

While I agree with the parties that Michigan law in this area is sparse, I nevertheless am of the opinion that the property description in the indenture was too vague for the enforcement of the deed. The fact that the instrument itself refers to future agreement on providing a course the roadway was to follow points out this defect in the indenture.

Plaintiffs next maintain that the deed was not

properly accepted by defendant township, since there was no evidence that the deed was ever accepted by the township's taking control over the road. Defendant argues that since the deed was not a dedication by plat, but rather an express grant, no acceptance by control was required. Since the trial court made no finding relative to the township's taking control of the roadway, I shall proceed on the assumption that by implication, it must have accepted defendant's argument.

In *Village of Lakewood Club v Rozek,* 51 Mich App 602, 603; 215 NW2d 780 (1974), our Court stated:

"Acceptance of land dedicated to the public may be either formal or informal, through use or expenditure of public funds. *Rice v Clare County Road Commission,* 346 Mich 658; 78 NW2d 651 (1956).

"The type of land dedicated dictates different standards for acceptance of the land. Streets and highways require maintenance by public authorities. Therefore, if there is to be an acceptance of a public way it must be by continued use by the public, and such exercise of control over it by authorities from which an acceptance could be reasonably inferred. *Regan v St Joseph Conser Club,* 5 Mich App 686; 147 NW2d 738 (1967)."

Defendant argues that the type of control discussed above is not required since here there was an outright deed of the land rather than a dedication by plat. I disagree. In *Murphey v Township of Lee,* 239 Mich 551; 214 NW 957 (1927), the plaintiff's predecessor had deeded property to the township for road purposes. The trial court found that the township had not taken possession of or improved the property, and that the limited use by others was not sufficient use to constitute acceptance of a deed. Defendant township argued, as does this defendant, that acceptance should have

been implied without having been formally made. In rejecting this argument, the Supreme Court stated at pp 560–561; 214 NW 961:

" 'The use required by the statute is one accompanied by some act on the part of the township authorities open, notorious, and hostile to the private ownership; some act which gives the original owner notice that his title is denied.' *Stickley v Township of Sodus,* 131 Mich 510, 517; 91 NW 745; 59 LRA 287 (1902).

"In *Chapman v City of Sault Ste Marie,* 146 Mich 23, 29; 109 NW 53 (1906), this court said the trial judge correctly instructed the jury:

" 'That "not only the general public must use it and travel upon it as a thoroughfare, but the implied dedication must be accepted by the public authorities, and the way taken in charge and maintained as other highways." *Alton v Meeuwenberg,* 108 Mich 629; 66 NW 571 (1896), *Irving v Ford,* 65 Mich 241; 32 NW 601 (1887), *Harriman v Howe,* 78 Hun (NY), 280; 155 NY 683; 50 NE 1117 (1898).' "

Thus it can be seen that the law commands that acceptance of a deeded roadway must be accomplished in the same manner as an acceptance of a plat dedication; either by formal acceptance or informally, by public expenditure and maintenance. Since there was no lower court finding relative to such acceptance, the judgments for defendant must be reversed.

In summary, it is my opinion that the township has no interest in the property and thus no standing to enforce the deed, the deed is invalid due to its indefiniteness and the grant of the roadway requires acceptance by the proper authorities on which no finding was made by the trial court.

I would vote to reverse.