HUEBNER v. WINSKOWSKI.

MECHANICS' LIENS—DEFAULT JUDGMENT—COURT HAS POWER TO
VACATE DEFAULT DECREE WHERE NO ISSUE FRAMED—CIRCUIT
COURT RULES.

Where there was no service incident to a cross-bill to foreclose a
mechanic's lien, and no issue was framed as required by Circuit
Court Rule No. 26, § 3, as amended, the *pro confesso* decree
entered therein was not binding on the cross-defendants, and
the power of the court to vacate it is not restricted by Circuit
Court Rule No. 56, requiring application for rehearing to be
made within four months from entry of the final decree.

Appeal from Wayne; Webster (Clyde I.), J. Submitted January 8, 1929. (Docket No. 3, Calendar No. 34,009.) Decided March 28, 1929.

Bill by Julius J. Huebner, doing business as Huebner Manufacturing Company, against Alex Winskowski, Szymon Szewczul, Joseph Etrich, and others to foreclose a mechanic's lien. Defendant Etrich filed a cross-bill to foreclose a mechanic's lien. From an order setting aside a *pro confesso* decree in favor of defendant Etrich, he appeals. Affirmed.

*Lovett & Orr,* for defendants Szewczul.

*Albert McClatchey* and *Harry J. Weber,* for appellant.

NORTH, C. J. The plaintiff, Julius J. Huebner, filed a bill to foreclose a mechanic's lien on property of which the defendants Szymon Szewczul and wife are the contract purchasers, and Mr. and Mrs. Thomas Lewandowski are the owners of the fee.

Alex Winskowski was the contractor to whom the materials were furnished. The defendants Szewczul entered their appearance by attorney but were later defaulted for failure to answer. Before hearing the plaintiff's claim was settled with the Szewczuls. It was alleged in the bill of complaint that the defendants Joseph Etrich and Peter Czik also had or claimed to have liens upon the property involved, and under the statutory provision they were made parties defendant. Etrich filed an answer and cross-bill claiming a lien. There was no service incident to this cross-bill upon the plaintiff or upon the defendants Szewczul, the latter being the real parties in interest. Not only was there no service of any character obtained by the cross-plaintiff Etrich on the defendants Szewczul but no issue was framed as to such defendants by default or otherwise. With the record in this condition, and without knowledge on the part of Mr. and Mrs. Szewczul or their attorney, the cross-plaintiff Etrich took a decree foreclosing his lien. Later he caused the decree to be enrolled, had the property sold by the circuit court commissioner, and at the sale Etrich purchased the property. The decree was taken January 13, 1927, the property sold, and the sale confirmed April 25, 1927. The defendants Szewczul claimed, and the circuit judge found, their first knowledge of this decree and sale was obtained April 27, 1928; although Etrich's attorney claims he had previously informed the Szewczuls by letter of having taken the decree and that he demanded payment. May 10, 1928, the defendants Szewczul filed a motion to vacate the decree and set aside the sale thereunder. This was granted but only upon payment of $50 to the cross-plaintiff Etrich, who has appealed from such order.

It is not necessary to review the various objections urged by the appellant; but it is sufficient to say that the decree entered in his behalf without service of process or any notice whatever upon the opposite parties did not afford them their day in court and was without binding force or effect. Circuit Court Rule No. 26, § 3, as amended, contemplates framing an issue between a lien claimant and the property owners in cases of this character. In part the rule provides:

"Where no issue has been created between the lien claimants as to the validity or amount of any lien, such cases shall be ready for hearing *when at issue between the lien claimants and the owners, part owners, or lessees of the property.*"

Under this record cross-plaintiff Etrich obtained a decree by means of which he claims to have cut off all rights of the defendants Szewczul in the property here involved without service of process or any notice whatever which would apprise the Szewczuls that Etrich was asserting a claim against them or their property. The case was heard and the decree entered without an issue being framed between the lien claimant and the property owners as required by the rule. The decree was not binding upon the Szewczuls; and the power of the court to vacate such a decree is not restricted by Circuit Court Rule No. 56, which, under ordinary circumstances, requires the application for a rehearing to be made within four months from the entry of the final decree. The order setting aside the decree thus irregularly entered and providing for framing an issue and hearing the case on its merits was properly made by the circuit judge.

The appellees have raised the question as to whether the order under consideration was a final

order, and, therefore, subject to appeal. In view of the disposition we are making of the case, we find it unnecessary to pass upon this question.

The determination of the circuit judge is affirmed, with costs to the appellees.

FEAD, FELLOWS, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.