PEOPLE *v.* JOHNSTON.

*In re* INTERVENTION OF ATTORNEY GENERAL.

1. CRIMINAL LAW—PROSECUTING ATTORNEYS—RECOGNITION OF OTHER COUNSEL.

   Reluctance to perform duties of prosecuting attorney or relatively limited experience in such office affords no basis for abdication of duties by the prosecuting attorney, recognition of other counsel in his stead being limited to absence or inability of the prosecutor to perform his duties (CL 1948, § 49.160).

2. SAME—BRIBERY OF ATTORNEY—SPECIAL PROSECUTING ATTORNEY.

   The appointment of experienced special prosecutors to act independently of and not as an assistant to the elected prosecuting attorney in the prosecution of a local member of the bar for accepting a bribe *held*, not permissible, under the circumstances, where the regularly-elected prosecuting attorney was present and able to attend to his duties and statutory contingencies for appointment of special prosecutors were absent (CL 1948, § 49.160).

3. ATTORNEY GENERAL—INTERVENTION.

   The statutory power given the attorney general to intervene in the prosecution of a criminal offense, although broad, is not unlimited and may be restrained when inimical to the public interest (CL 1948, §§ 3.181, 14.101).

4. SAME—INTERVENTION—RECORDS AND FILES.

   Where record in prosecution of an attorney for accepting a bribe fails to show the intervention of the attorney general is inimical to the public interest, the records and files are ordered delivered to him so that he may proceed with the case (CL 1948, §§ 3.181, 14.101).

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 42 Am Jur, Prosecuting Attorneys, §§ 5, 10, 12.
[3, 4] 5 Am Jur, Attorney General, § 21.
[5] 14 Am Jur, Costs, § 91.

5. COSTS—PUBLIC QUESTION—SPECIAL PROSECUTORS—ATTORNEY GEN-
   ERAL.
   No costs are allowed upon vacation of orders appointing spe-
   cial prosecutors and striking the intervention of the at-
   torney general in prosecution of an attorney for accepting a
   bribe, a public matter being involved.

Appeal from Macomb; Cash (Paul R.), J., presid-
ing. Submitted October 13, 1949. (Docket No. 83,
Calendar No. 44,509.) Decided December 7, 1949.

Ivan A. Johnston was charged with accepting a
bribe. From orders appointing special prosecutors
and striking the intervention of the Attorney Gen-
eral, he appeals. Orders vacated and cause re-
manded.

*Stephen J. Roth,* Attorney General, *Graydon G.*
*Withey,* Deputy Attorney General, *Edmund E.*
*Shepherd,* Solicitor General, *Elbern Parsons,* Chief
Assistant Attorney General, and *Daniel J. O'Hara*
and *Peter E. Bradt,* Assistants Attorney General,
for appellant.

*Kim Sigler,* Special Prosecutor, and *Victor C. An-*
*derson,* Special Assistant Prosecutor, for appellees.

BUSHNELL, J. This is an appeal from orders ap-
pointing special prosecutors in a criminal case and
vacating the intervention in that cause by the attor-
ney general.

Defendant Ivan A. Johnston was charged with
accepting a bribe in an information filed September
20, 1948, by the then prosecuting attorney of Macomb
county. The newly-elected prosecutor informed the
trial judge that his prosecuting staff was inexperi-
enced and he suggested that some other attorney be
appointed to prosecute the case. He later wrote the
trial judge a letter, which reads as follows:

"I am in receipt of your recent letter, and since you say it is a must that this matter be tried right away, I have come to the following conclusion, after much consideration:

"It is the policy of Michigan circuit judges to call in a visiting judge when a local member of the bar is involved.

"As the prosecuting attorney's relationship with the members of the bar is very similar to circuit judges, accordingly, I request you to appoint a special prosecutor of your own choosing and ask that he handle the case entirely independent of the prosecuting attorney's office in Macomb county."

Subsequently the trial judge appointed Honorable Kim Sigler, a former governor of the State of Michigan, as special prosecutor. Later, on the recommendation of Sigler, Victor C. Anderson was appointed special assistant prosecutor.

A few days later the attorney general, Honorable Stephen J. Roth, entered his appearance and intervention in the cause. At the same time he filed a motion to set aside the order appointing the special prosecutors on the ground that it was not entered in accordance with the statute. This motion was answered by the special prosecutor, who also moved to set aside the intervention and appearance of the attorney general. In a written opinion the trial judge directed the entry of an order granting the several motions of the special prosecutor and denying the motion of the attorney general.

The statute which permits the appointment of a special prosecutor reads as follows:

"The Supreme Court and each of the circuit courts may, whenever there shall be no prosecuting attorney for the county, or when the prosecuting attorney shall be absent from the court, or unable to attend to his duties, if either of said courts shall deem it necessary, by an order to be entered in the minutes

of such court, appoint some other attorney at law to perform, for the time being, the duties required by law to be performed in either of said courts by the prosecuting attorney, who shall thereupon be vested with all the powers of such prosecuting attorney for that purpose." CL 1948, § 49.160 (Stat Ann § 5.758).

The trial judge determined that such appointment was proper because "the Macomb county prosecutor was unable to attend to his duties."

A reading of the record submitted in this cause requires the conclusion that the prosecutor was not unable to attend to his duties, but was merely reluctant to perform his duties.

The statute does not contemplate such a situation. Even though of relatively limited experience, a prosecutor cannot abdicate his duties. In *Meister* v. *People,* 31 Mich 99, Mr. Justice CAMPBELL speaking for the Court said:

"The courts may appoint counsel to act in his place when he is absent or unable to perform his duties, or where the office is vacant; but no other power of appointment is given. Any recognition of other counsel, if valid, can only be by the request of the prosecuting attorney. He cannot abdicate his duties, and the court cannot divide or relieve them, to give to other counsel any authority whatever, independent of his responsibility."

Nor does the availability of a more experienced and willing lawyer permit the court to relax the statutory conditions prerequisite to such appointment.

Under an earlier statute (CL 1897, § 2569), this Court approved the appointment of an assistant to the prosecutor where only the announcement by the court of the prosecutor's disqualification appeared in the record. *People* v. *Auerbach,* 176 Mich 23, 43

(Ann Cas 1915B 557). In the instant case the special prosecutor was appointed to act independently and not as an assistant to the elected prosecutor, and the reasons appear in the record. The regular prosecutor was present and was able to attend to his duties. In the absence of the statutory contingencies the appointment of the special prosecutors must be set aside. *Sayles* v. *Genesee Circuit Judge,* 82 Mich 84, 90.

The intervention by the attorney general was based upon CL 1948, § 14.28 (Stat Ann § 3.181), and CL 1948, § 14.101 (Stat Ann § 3.211). The discretion given the attorney general under these statutes, though broad, is not unlimited. See *Mundy* v. *McDonald,* 216 Mich 444, 450 (20 ALR 398), where his ancient powers are recited. See, also, *In re Watson,* 293 Mich 263, 270.

Courts acting within their inherent powers of judicial control (*Hain* v. *Newell,* 223 Mich 20, 27) may restrain the intervention of the attorney general when such intervention is clearly inimical to the public interest; but certainly there is nothing in this record that would support such a conclusion. The attorney general's intervention is proper.

In view of our conclusions it is directed that the records and files in the cause of People *v.* Johnston be delivered to the attorney general so that he may proceed with the case.

The orders appointing the special prosecutors and the order striking the intervention of the attorney general are vacated. The cause is remanded for further proceedings not inconsistent with this opinion. A public matter being involved, no costs will be allowed.

SHARPE, C. J., and BOYLES, REID, NORTH, and BUTZEL, JJ., concurred. DETHMERS and CARR, JJ., did not sit.