*In re* PETITION OF WERNICKE.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE—VACATION OF COUN-
TY HIGHWAY—STATUTES.
The effect of a resolution by the board of county road commissioners upon the vacation of a highway then under their jurisdiction is not before the Supreme Court where petition for vacation was filed under a statute not pertaining to county highways and circuit court stated that the resolution would not breathe vitality into a proceeding in which the court had no jurisdiction (CL 1948, §§ 247.41–247.46).

2. HIGHWAYS AND STREETS—VACATION—CIRCUIT COURT—STATUTES.
The circuit court has no inherent jurisdiction to vacate a highway, its power in such respect being derived from statute.

3. SAME—VACATION—CIRCUIT COURT—STATUTES.
A circuit court has no jurisdiction to vacate a county road under a statute applicable to vacation proceedings of highways in townships, villages and cities (CL 1948, §§ 247.41–247.46).

---

REFERENCES FOR POINTS IN HEADNOTES
[2, 3] Generally as to vacation of highways, see 25 Am Jur, Highways § 117 *et seq.*

4. COURTS—JURISDICTION—COURT RULES.

The circuit court on its own motion properly raised the question of its own lack of jurisdiction of subject matter of proceedings to vacate a county road on motion to vacate its former order, notwithstanding neither the court rule limiting rehearings in equitable actions to 2 months from entry of final decree nor the court rule providing that motions for new trial or in arrest of judgment must be filed and served within 20 days after filing of proof of service of entry of judgment was observed, since neither rule prevents direct consideration of want of jurisdiction (Court Rules Nos 47, 48 [1945]).

5. SAME—JURISDICTION.

An order entered by a circuit court which has no jurisdiction to enter such order is a nullity.

6. COSTS—CIRCUIT COURT—SUPREME COURT.

No costs are allowed in the Supreme Court on affirmance of an order entered by the circuit court, where no costs were allowed by that court.

Appeal from Roscommon; Shaffer (John C.), J. Submitted June 5, 1951. (Docket No. 16, Calendar No. 45,110.) Decided September 5, 1951.

Petition by John H. Wernicke and others to have highway vacated. Highway closed by order. On motion of Roscommon County Road Commission for new trial, order closing highway vacated. Plaintiffs appeal. Affirmed.

*Walter C. Jones* and *Maurine L. Jones,* for plaintiffs.

*Miltner & Miltner* and *Charles H. Miltner,* for defendant.

BUSHNELL, J. Plaintiffs Wernicke and others are owners of lots 1 to 16, inclusive, in Woodlawn subdivision on Sheridan Drive, fronting on Higgins lake in Roscommon county. They have appealed from an order of the circuit court, entered May 5, 1950,

vacating an order entered April 6, 1948, closing the highway immediately in front of these lots. The 1948 order was the result of proceedings begun by petition of plaintiffs on October 10, 1947.

An amendment to the petition refers to a resolution of the road commission passed in 1937 in compromise settlement of the subject matter of 3 circuit court suits then pending against the commission, and which it is claimed had the effect of vacating that portion of Sheridan Drive in front of petitioners' lots.

The record shows the entry of an appearance of the road commission on December 29, 1947, but does not contain its answer, if any, to the original or amended petition.

At the hearing on the amended petition on April 6, 1948, the trial judge said:

"You may have such an order. In fact, if the resolution [of the commission in 1937] mentioned anything, it [that portion of Sheridan Drive here involved] is already discontinued."

The board of county road commissioners was represented at the April 6th hearing, but offered no testimony. On October 1, 1949 (18 months later), the board filed a motion for a new trial, assigning among other reasons:

(1) That it had not been heard in opposition thereto, although the portion sought to be vacated is a "State reward" county road within its "exclusive jurisdiction;"

(2) That the proceeding was not properly brought on for hearing, and the court was therefore without jurisdiction;

(3) That the notice of the entry of the order or decree had not been served upon it; and that

(4) The public interest is not served thereby.

The claimed irregularities in procedure were denied by petitioners and the board was charged with failure to act within a proper time after the entry of the order.

The attorney who represented the board at the 1948 hearing testified that he was present at the hearing, and explained his failure to produce any testimony. He admitted being served with a copy of the court's order several hours after the hearing.

The trial judge filed a written opinion on April 4, 1950, in which he stated that, prior to these proceedings, Sheridan Drive had been taken over as a county road under the McNitt act (CL 1948, § 247.1 et seq. [Stat Ann § 9.141 et seq.]). He quoted the statute (CL 1948 §§ 247.41–247.46 [Stat Ann §§ 9.51–9.56]), under which the petition was filed, which reads in part:

"An act to prevent the abandonment, discontinuation or alteration of the course of any public highway which borders upon, or is adjacent to any lake, * * * by the public authorities of any township, village or city, until after the approval thereof by the circuit court."

He held that, because such actions are confined to highways adjacent to lakes in townships, villages and cities, the court had no jurisdiction to enter an order vacating a county road under the statute invoked, and that his order of April 6, 1948, was void.

He declined to pass upon the effect of the board's resolution of April 10, 1937, except to say that it "would not breathe vitality into a proceeding such as this where the court had no jurisdiction."

The 1937 resolution is not too clear. It contains certain exceptions among which the board now claims is "the portion along the shore through Woodlawn subdivision." This may or may not be Sheridan Drive immediately in front of block 20

containing petitioners' lots 1 to 16 inclusive. However, the question of the effect of the board's 1937 resolution is not before us in this proceeding.

As stated by the trial judge:

"There is no inherent jurisdiction reposed in a circuit court to vacate a highway. Its power in that regard must be derived solely from a legislative grant."

All township roads became county roads under the McNitt act (CL 1948, § 247.1 *et seq.* [Stat Ann § 9.141 *et seq.*]), and, according to its provisions, came under the control of the county board of road commissioners. Such taking of control was deferred for obvious administrative reasons, spread over a 5-year period at the rate of one-fifth each year. This act became effective September 18, 1931, and all township roads had become county roads by April 1, 1936, which was prior to the filing of the petition herein.

PA 1909, No 283, ch 4, § 18, as amended by PA 1943, No 52 (CL 1948, § 224.18 [Stat Ann 1947 Cum Supp § 9.118]), gives to the county board of road commissioners "sole and exclusive jurisdiction and control" over county roads. CL 1948, §§ 247.41–247.46 (Stat Ann §§ 9.51–9.56), apply only to highways in townships, villages and cities, hence the court lacked jurisdiction in the premises.

Court Rule No 48 (1945) limits rehearings in equitable actions to 2 months from entry of final decree. Motions for new trials and motions in arrest of judgment must be filed and served within 20 days after filing of proof of service of entry of judgment. (Rule No 47 [1945].) Neither rule was observed in the instant case, but neither prevents direct consideration of want of jurisdiction. See *Huebner* v. *Winskowski,* 246 Mich 77; *General Motors Acceptance Corporation* v. *Ellar,* 243 Mich 603, 607; and *Orloff* v. *Morehead Manfg. Co.,* 273 Mich 62.

The court on its own motion properly raised the question of jurisdiction of the subject matter. *Halkes* v. *Douglas & Lomason Co.*, 267 Mich 600.

The court was without jurisdiction to enter the order of April 6, 1948. It was therefore a nullity and void.

The order of May 5, 1950, setting aside the void order of April 6, 1948, was proper. It is affirmed. No costs having been allowed either party in the trial court, none will be allowed here.

REID, C. J., and BOYLES, NORTH, DETHMERS, BUTZEL, CARR, and SHARPE, JJ., concurred.