## MAYNARD v. HAWLEY.

1. DRAINS—INJUNCTION—HUSBAND AND WIFE—JOINT TENANTS.
   Denial of injunctive relief as to a drain against defendant wife, a joint tenant of land with her husband, was proper, where the exclusive control of the land was in the husband.

2. SAME—SURPLUS OF RAIN—COLD WEATHER—INABILITY TO TILL LAND—DAMAGES.
   Inability to plant, cultivate or harvest crops because of a continuous surplus of rain or cold weather or other cause not subject to human regulation may not be made the basis for a legal claim in injunction proceedings to restrain defendants from draining water from their premises upon plaintiffs' premises and for damages.

3. SAME—HIGHWAYS.
   Highway commissioners have the right to have the surface water, falling or coming naturally upon the highway, drain through the natural and usual channel upon and over lower lands and may construct drains or ditches for that purpose (CL 1948, §§ 222.15, 224.21).

REFERENCES FOR POINTS IN HEADNOTES
[2, 6] 56 Am Jur, Waters § 438 et seq.
[2, 6] Liability, as regards surface waters, for raising surface level of land. 12 ALR2d 1338.
[3, 4, 6] As to liability of highway authorities with respect to drainage and interference with water, see 25 Am Jur, Highways § 87 et seq.
[5] 3 Am Jur, Appeal and Error § 815.

4. SAME—ROADSIDE DITCHES—ENLARGEMENT OF CULVERT—INJUNCTION.

The construction of roadside ditches and enlargement of culvert under road under jurisdiction of defendant county road commissioners which rendered the highway more usable but did not increase the total drainage area from which surface water drained onto plaintiffs' land did not entitle plaintiffs to injunctive relief (CL 1948, §§ 222.15, 224.21).

5. APPEAL AND ERROR—DE NOVO REVIEW—CHANCERY CASES—INJUNCTION.

Injunction proceedings to restrain defendants from overflowing plaintiffs' land are reviewed *de novo* by the Supreme Court since they are chancery proceedings.

6. DRAINS—DAMAGES—REFILLED DITCH—AREA DRAINAGE.

Plaintiffs *held*, not to have suffered damage by reason of any unlawful acts of either the defendant individual landowners upon whose land a short ditch was dug to drain a 3-acre swamp but which was refilled in less than 16 hours later, which .digging was contrary to orders of defendant road commission's foreman incident to construction of roadside ditches and enlargement of culvert under highway to make latter more usable, nor by the defendant county road commission which did not increase the area drained by the construction authorized by it (CL 1948, §§ 222.15, 224.21).

Appeal from Kent; Brown (William B.), J. Submitted June 6, 1951. (Docket No. 29, Calendar No. 45,104.) Decided September 5, 1951.

Bill by Clark Maynard and wife against Frank Hawley and others to enjoin draining of water on plaintiffs' land. Cross bill by defendant Kent County Board of County Road Commissioners against plaintiffs to restrain obstruction of ditches. Decree dismissing bill of complaint. Plaintiffs appeal. Affirmed.

*Linsey, Shivel, Phelps & Vander Wal,* for plaintiffs.

*Claude Vander Ploeg,* for defendants Hawley.

*Adrian W. Verspoor,* for defendant Board of County Road Commissioners.

SHARPE, J.  Plaintiffs filed their bill of complaint against defendants for an injunction restraining them from draining water from defendants Hawley's premises upon plaintiffs' premises and for damages sustained up to the time of the hearing.

Plaintiffs, Clark Maynard and Mabel Maynard, own 80 acres of land on the west side of Albrecht avenue in Kent county, Michigan.  This highway extends north and south.  Defendants Frank Hawley and Lillian Hawley own 80 acres of land on the east side of this highway.  The highway was established and built about 1887.  It was originally a township road and was maintained as such until the enactment of PA 1931, No 130 (CL 1948, § 247.1 *et seq.* [Stat Ann § 9.141 *et seq.*]), when it became mandatory on all county road commissions to take over and maintain township highways.

Twenty-one Mile road runs east and west and bounds plaintiffs' and defendants Hawley's property on the north.  From Twenty-one Mile road on the north, Albrecht avenue slopes downhill in a southerly direction to a point 1,380 feet south of Twenty-one Mile road.  There is a drop in elevation of 19 feet from Twenty-one Mile road to this point.  From this low point, proceeding south for a distance of one-eighth of a mile, Albrecht avenue rises.  About 1887, at this low point the township highway authorities constructed a 12-inch wooden culvert under the road running east and west.  The culvert carried water from the east side of the road to the west

side of the road. In 1912 or 1913 this culvert was replaced by a 10-inch steel pipe. In the spring of 1950, the county road commission replaced the 10-inch steel culvert with a 12-inch concrete culvert. In 1950, about 3 acres of plaintiffs' property was flooded and unusable. The 3 acres of flooded land lie directly west of the culvert. The Hawley property is generally higher in elevation than the road. At some points it has an elevation of 36½ feet above the highway. Some 30 acres of the Hawley property and practically all of plaintiffs' land for a distance of 40 rods west of the highway, except for 5 or 6 acres, form a large drainage basin. Water from the high levels of defendants' 30 acres drains into the 3-acre tract and has done so since 1887 and it also appears that water from 12 to 15 acres of plaintiffs' property also drains into the 3-acre tract. On the northwest corner of defendants' property there is an area of about 1¼ acres known as the north swamp. Also upon defendants' land there is a smaller swamp near to the east side of Albrecht avenue where the culvert crosses the avenue.

Because of the bad condition of Albrecht avenue, defendant road commission in the spring of 1950 began to improve and gravel it for the purpose of properly draining the highway. In the course of this improvement, ditches were dug along the east and west side of the highway about 2½ feet deep.

During the construction of the highway on the east side of the road, one of the employees of the road commission dug a side trench into the north swamp on defendants' property. Water drained from the pond from 3 p.m., on May 12, 1950, until the next morning at 7 a. m., when it was plugged by plaintiffs.

The cause came on for trial and at its conclusion, the trial court denied plaintiffs any relief. In doing so an opinion was filed which contained the following excerpts:

"Mr. Maynard testified that this 3 acres is a low place to the west of and very near to Albrecht avenue; that the lowest part of this 3 acres is about a foot and a half lower than the land adjoining the 3 acres on the south, the low side; that there is no open ditch to drain any part of this 3 acres, and that there is no covered or tile drain in or from this 3-acre area; that when this depression or 3-acre area gets full of water he does nothing about it except to wait until the water seeps away by being absorbed into the ground beneath or until the water evaporates into the air. Under these conditions, whether or not this 3-acre area may be planted and cultivated for crop, depends practically upon the weather. Whether or not there shall be a continuous surplus of rain or cold weather preventing planting, cultivating or harvesting, not subject to human regulation, is not a basis for legal claim. * * *

"Prior to the construction of the ditch on the east side of the avenue in the spring of 1950 by the county road commission, especially in the spring of the year and at times of heavy rainfall, water was deposited and stood upon the avenue, and, from about 200 feet south of 21 Mile road to this 12-inch tile culvert, the roadway of the avenue served as a ditch or watercourse for the surface water which fell as rain upon this watershed, which was formed by the surface slants of about 30 acres of land sloping down to the east and the Hawley land sloping down to the west and meeting at their lowest level on or near the right-of-way of the avenue. The north end of the line of meeting of these 2 slopes is a little to the east of Albrecht avenue at 21 Mile road and is upon the Hawley land and the line of meeting, being the foot of the basin, extends southerly to and across Heiss street, through the 30-inch culvert which is about 20 rods west of the intersection of Heiss street and Albrecht avenue. South of the 12-inch culvert the foot of the watercourse in the drainage basin veers to the southwest, being very close to the avenue at the 12-

inch culvert and slants southwesterly upon the Maynard land to the 30-inch culvert in Heiss. street.

"It was solely for the necessary purpose of draining Albrecht avenue that the ditch was constructed *by the road commission in the spring of 1950 along the east side of the avenue. This avenue, being by law placed under the control and jurisdiction of the county road commission, it became, was, and is its duty and responsibility to keep the road in reasonable repair and in a condition reasonably safe and fit for public travel. Failure to do so may impose liabilities. It is also the right and duty of the county road commission to provide the road with ditches adequate for drainage. The ditch along the side of the road now drains no more water toward the culvert and the low 3-acre area of the Maynard land than was drained before the ditch was dug, because the water previously went upon Albrecht avenue, drained to the south upon the avenue to the culvert, crossed the road through the culvert and to the Maynard land. One difference now is that the water runs south in the roadside ditches instead of flowing upon the bed of the road as it did before the county road commission improved the avenue.

"During the course of the construction of the ditch along the east side of Albrecht avenue opposite the north swamp on Hawley's land, after the foreman of the ditch-digging crew left the job in the afternoon, one of the workmen operating a digger machine dug a short side-ditch from the highway ditch to the north swamp on the Hawley land. As a result some water was let out of the swamp into the highway ditch. This condition existed only from some time after 3 o'clock in the afternoon of one day until the morning of the following day, at which time this side ditch was effectively filled up and plugged by Mr. Maynard and the ground leveled to its former condition. This was done by the foreman of the road job causing a load of dirt or soil to be delivered at the side-ditch and Mr. Maynard shoveled the dirt into the side-ditch, thereby closing the ditch. Since

that time no water has drained from this north swamp into the road ditch. The person who dug the side-ditch did so in violation of and contrary to orders which were given to him by Mr. Townes, the road commission foreman.  *  *  *

"No water escaped from this north swamp into the east highway ditch after the side-ditch was filled up by Mr. Maynard as above stated. The replacement of the 10-inch steel-pipe culvert which crossed Albrecht avenue, by using a 12-inch concrete tile, as was done by the road commission, in no way contributed to or caused any damage to plaintiffs. It was a matter of good judgment and good engineering on the part of the road commission, as to how to manage and dispose of the water and protect the highway, and it follows that the acts of the county road commission in removing the 10-inch steel pipe culvert and installing in its place a 12-inch concrete culvert across Albrecht avenue, as was done by the county road commission, in no way caused or contributed to any damage to plaintiffs and is to the advantage and benefit of all concerned.  *  *  *

"Plaintiffs claim that this 12-inch cement culvert across Albrecht avenue was placed lower than was the original culvert in 1887, and drains more water upon the Maynard land than did the original. The testimony does not support this claim.  *  *  *

"Plaintiffs have entirely failed to establish a cause of action against the defendant Kent county road commission for damages as claimed, and have entirely failed to show that plaintiffs suffered any damage or injury from water coming upon or being upon their land for which defendant road commission was in any way blameable."

Plaintiffs appeal and urge that it was unlawful for the defendant road commission to dig a ditch along the easterly side of the highway which connected with 2 ponds on the property of defendants Hawley thus lowering the ponds and causing water to flow upon plaintiffs' premises which did not other-

wise flow upon said premises. Plaintiffs concede that the trial court was correct in denying relief as against Lillian Hawley, joint tenant of the land owned by Frank Hawley, her husband, since the exclusive control of the land was in her husband. See *Morrill* v. *Morrill*, 138 Mich 112 (110 Am St Rep 306, 4 Ann Cas 1100), and *Dombrowski* v. *Gorecki*, 291 Mich 678.

It is undisputed that for many years Albrecht avenue was during certain times impassable and unfit for public travel. In order to remedy such conditions the county road commission embarked upon the project of turnpiking and graveling the highway. In CL 1948, § 224.21 (Stat Ann § 9.121), responsibility is imposed on counties for the reasonable repair of highways and liability imposed for failure to do so. Under CL 1948, § 222.15 (Stat Ann § 9.75), "The highway shall be constructed in such manner as to form a turnpike sufficiently crowning to shed water, with gutters or ditches adequate for drainage. The width of the turnpike shall be not less than 18 feet between side ditches."

In *Tower* v. *Township of Somerset*, 143 Mich 195, we said:

" 'Highway commissioners have the right to have the surface water, falling or coming naturally upon the highway, drain through the natural and usual channel upon and over the lower lands' and may construct drains or ditches for that purpose. 2 Farnham on Waters and Water Rights, p 969."

Plaintiffs urge that they suffered damage by reason of the partial drainage of the north pond and the enlarging of the culvert. The trial court found as a fact that the person who dug the ditch which partially drained the pond did so in violation of orders of the county road commission; and that the ditch along the east side of Albrecht avenue did not

increase the amount of water overflowing on plaintiffs' land as, before the ditch was dug and the culvert enlarged, water flowed over the highway to the culvert then onto plaintiffs' land; and that no water escaped from the north pond after the side-ditch was filled by plaintiffs.

The trial court also found as a fact that the new culvert did not drain any more water onto plaintiffs' land than the old culvert. Ordinarily a 12-inch culvert will drain more water than a 10-inch culvert, depending on the location and depth of the culvert, but, for reasons hereinafter stated, this finding of fact became unimportant. We have examined the record and conclude that there is competent evidence to support a finding of fact that the ditch on the east side of Albrecht avenue and the new culvert did not increase the amount of water flowing upon plaintiffs' land as, prior to the improvement in the highway, water flowed over the highway and through the old culvert upon plaintiffs' land, while at the present time more of the surface water can flow through roadside ditches and through the new culvert and less over the highway. It also clearly appears that outside of the few hours that the north pond was being drained, plaintiffs' land only receives the surface water which it has received for many years.

This is a chancery case and we review the record *de novo*. From a careful examination of the record we are unable to find that plaintiffs suffered any damage by reason of any unlawful act of any of the defendants. We are in accord with the decision of the trial court that plaintiffs failed to make a case entitling them to relief in a court of equity. The decree is affirmed, with costs to defendants.

REID, C. J., and BOYLES, NORTH, DETHMERS, BUTZEL, CARR, and BUSHNELL, JJ., concurred.