GREMORE v. PEOPLES COMMUNITY HOSPITAL AUTHORITY.

APPEAL OF ATTORNEY GENERAL, INTERVENOR.

1. PARTIES—INTERVENTION—STATUTES.

Anyone shall be permitted to intervene in an action when a statute of this State confers an unconditional right to intervene (GCR 1963, 209.1[1]).

2. ATTORNEY GENERAL—INTERVENTION.

The attorney general shall, when requested by the governor or either branch of the legislature, and may, when in his own judgment the interests of the State require it, intervene in and appear for the people of this State in any court or tribunal, in any cause or matter, civil or criminal, in which the people of this State may be a party or interested (CL 1948, §§ 14.28, 14.101; GCR 1963, 209.1[1]).

3. SAME—INTERVENTION.

The attorney general is empowered to intervene whenever such intervention is necessary in order to protect any right or interest of the State, or of the people of the State; such

right of intervention exists at any stage of the proceedings (CL 1948, §§ 14.28, 14.101; GCR 1963, 209.1[1]).

4. SAME—STATUTE—INTERVENTION.

The broad discretion granted the attorney general by statute is only limited when intervention by the attorney general is clearly inimical to the public interest (CL 1948, §§ 14.28, 14.101; GCR 1963, 209.1[1]).

5. SAME—TARDY INTERVENTION—CONTROL OF LITIGATION.

Once the attorney general has a right to intervene he is thereafter subject to the inherent power of the trial court to control the orderly flow of the litigation before it, the same as any other litigant, tardy intervention not being condoned (CL 1948, §§ 14.28, 14.101; GCR 1963, 209.1[1]).

6. COSTS—PUBLIC QUESTION—INTERVENTION OF ATTORNEY GENERAL.

No costs are allowed on attorney general's appeal from order denying his intervention in an action against a public corporation, a public question being involved (CL 1948, §§ 14.28, 14.101; GCR 1963, 209.1[1]).

Appeal from Wayne; Dingeman (Harry J., Jr.), J. Submitted Division 2 August 2, 1967, at Lansing. (Docket No. 3,712.) Decided August 2, 1967. Opinion filed October 27, 1967.

Kenneth W. Gremore brought suit against Peoples Community Hospital Authority, a State agency of Wayne and Washtenaw counties, to recover damages arising from alleged breach of employment contract. Intervention by the Attorney General denied. Intervenor appeals. Reversed.

*Louisell & Barris* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Maxine Boord Virtue* and *Milton I. Firestone,* Assistants Attorney General, for intervenor.

*Cozadd, Shangle & Smith (B. Ward Smith,* of counsel), for defendant.

Quinn, J. On leave granted, intervenor appeals from the trial court's order of May 8, 1967, denying his intervention in a suit by plaintiff against defendant for damages arising from alleged breach of contract of employment. Defendant counterclaimed to recover alleged unaccounted expense advances and unauthorized expenses said to be due from plaintiff to it.

The issue presented is whether, in view of CL 1948, § 14.28 (Stat Ann 1961 Rev § 3.181),[1] CL 1948, § 14.101 (Stat Ann 1961 Rev § 3.211),[2] and GCR 1963, 209.1(1),[3] a trial court has any discretion in allowing intervention by the attorney general.

If a trial court has discretion in this situation, the following facts justify exercise of that discretion here: September 20, 1966, the trial court granted plaintiff's motion to advance for immediate trial; the case was pretried October 28, 1966, and it was set for trial April 24, 1967. April 21, 1967, the attorney general filed intervention and notice of appearance. Due to a conflict in the schedule of plaintiff's counsel, trial was adjourned to May 8, 1967, on which date, the trial court denied intervention by the attorney general.

---

[1] The pertinent part of this statute reads as follows: "And the attorney general shall also, when requested by the governor, or either branch of the legislature, and may, when in his own judgment the interests of the State require it, intervene in and appear for the people of this State in any other court or tribunal, in any cause or matter, civil or criminal, in which the people of this State may be a party or interested."

[2] "The attorney general of the State is hereby authorized and empowered to intervene in any action heretofore or hereafter commenced in any court of the State whenever such intervention is necessary in order to protect any right or interest of the State, or of the people of the State. Such right of intervention shall exist at any stage of the proceeding, and the attorney general shall have the same right to prosecute an appeal, or to apply for a rehearing or to take any other action or step whatsoever that is had or possessed by any of the parties to such litigation."

[3] "Anyone shall be permitted to intervene in an action (1) When a statute of this State confers an unconditional right to intervene,"

In support of this action by the trial court, plaintiff urges that the inherent power of that court to control the orderly flow of litigation includes the discretion here exercised. The practicality of this position is most appealing, especially to those with trial court experience, but no authority is cited to sustain it, and in the absence of such authority, this Court is bound by the statutory language as heretofore interpreted by the Supreme Court.

We read *People* v. *Johnston* (1949), 326 Mich 213, as holding that the broad discretion granted the attorney general by CL 1948, §§ 14.28 and 14.101, *supra,* is only limited when intervention by the attorney general is clearly inimical to the public interest. There is no showing on this record that his intervention in this case is clearly inimical to such interest, and his statutory right of intervention requires reversal.

By so holding, we do not condone tardy intervention by the attorney general. The right of individual litigants to prompt disposition of their controversies and the right of trial courts so to control their trial dockets that such disposition is possible precludes such condonation. Nor are we saying that the rights of the attorney general are any greater than any other intervenor. See *Wittbold* v. *City of Ferndale* (1937), 281 Mich 503, and *School District of City of Ferndale* v. *Royal Oak Township School District No. 8* (1940), 293 Mich 1. We do say the attorney general had a right to intervene here, but thereafter, the attorney general is subject to the inherent power of the trial court to control the orderly flow of litigation before it, the same as any other litigant.

Reversed, but without costs because of the public question involved.

HOLBROOK, P. J., and BURNS, J., concurred.