## In re PETITION OF MILLER

1. HIGHWAYS—COUNTY ROADS—TOWNSHIP ROADS—TAKEOVER—MC-NITT ACT.

The 6-year time schedule provided in the McNitt Act for taking over of township roads and dedicated streets and alleys by county road commission was designed to allow an orderly takeover within the absorptive capacity of the county road commission, rather than to impose an absolute time limit for assumption of control by the county road commission (PA 1931, No 130).

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 23 Am Jur 2d, Dedication § 49.

2. HIGHWAYS—COUNTY ROADS—McNITT ACT—RESOLUTION.
   Resolution of county road commission incorporating dedicated
   streets and alleys in recorded plats outside of incorporated
   cities and villages into county road system, adopted pursuant
   to McNitt Act, but after the time when the act provided
   for taking over these streets and alleys, *held* to be effective
   to make a street and certain alleys mentioned in the resolu-
   tion county roads which could therefore not be vacated by
   proceedings under the Plat Act of 1929 (PA 1931, No 130;
   MCLA §§ 560.59–560.66).

Appeal from Oakland, Clark J. Adams, J. Sub-
mitted Division 2 March 6, 1969, at Lansing.
(Docket No. 5,509.) Decided July 30, 1969.

Action by Florence Miller against Oakland County
Road Commission, Garry Crake, and other property
owners for the vacation of a street and alleys in
Waterford Township, Oakland County. Accelerated
judgment for defendants. Plaintiff appeals. Af-
firmed.

*Powell, Peres, Carr & Jacques,* for plaintiff.

*L. W. McEntree,* for defendant Oakland County
Road Commission.

*Joseph F. Kosik,* for defendants Garry Crake,
Larry Crake, and Joseph Puertas.

Before: J. H. GILLIS, P. J., and LEVIN and BRON-
SON, JJ.

LEVIN, J. The petitioner, Florence Miller, appeals
from an accelerated judgment denying her petition
filed pursuant to §§ 59–66 of the plat act of 1929[1]

---

[1] PA 1929, No 172 as amended (MCLA §§ 560.59–560.66 [Stat
Ann 1953 Rev §§ 26.489–26.496]).

for the vacation of a street and alleys in Double
Super Highways Subdivision No 1, Waterford
Township, Oakland County, Michigan. The trial
judge ruled that the street and alleys are county
roads under the jurisdiction and control of the board
of county road commissioners of Oakland county
and that the circuit court, therefore, lacks power to
vacate them. We agree with his determination and
affirm.

If the street and alleys sought to be vacated are
in fact county roads, the circuit court could not
vacate them because under the provisions of § 66
of the plat act[2] and § 18, ch 4 of the general highway
law[3] county roads may be vacated only upon the
vote of the board of county road commissioners.
See In re Petition of Bryant (1949), 323 Mich 424,
434, 435, and In re Petition of Wernicke (1951), 331
Mich 91, 95.

The issue before us is thus narrowed to the ques-
tion whether the street and alleys sought to be
vacated are county roads. The street and alleys
were purportedly taken over as county roads by
resolution of the Oakland county board of road com-
missioners. The petitioner asserts that the takeover
resolution was adopted out of time and was ineffec-
tive.

Section 2 of the McNitt Act[4] required the board
of county road commissioners of each county to
take over as county roads the total township high-
way mileage in the county. Twenty per cent of the
township mileage was to be taken over on or before
April 1, 1932, and a like percentage on or before
April 1 of each succeeding year. "In the year next
following," the board was to take over all dedicated

---

2 MCLA § 560.66 (Stat Ann 1953 Rev § 26.496).
3 PA 1909, No 283 (MCLA § 224.18 [Stat Ann 1958 Rev § 9.118]).
4 PA 1931, No 130 (CL 1948, § 247.2 [Stat Ann § 9.142]).

streets and alleys in recorded plats and outside of incorporated cities and villages.

Thus, under the McNitt Act the street and alleys which petitioner seeks to vacate should have been taken over by the county road board not later than April 1, 1937, or, possibly, December 31, 1937. The resolution relied upon by the board was not, however, adopted until February 25, 1938.[5] The petitioner claims that the resolution was ineffective because it was adopted after the expiration of the time within which the county road board was required to act.

The underlying legislative objective of the McNitt Act was to have boards of county road commissioners take over all township roads and dedicated streets and alleys in recorded plats and outside incorporated cities and villages. The boards were given 6 years within which to accomplish this objective.

In this case, although the board's takeover resolution was adopted out of time, it was adopted soon after the expiration of the prescribed time. The act does not state that a takeover after the expiration of the 6-year period is prohibited. It is entirely silent whether a late takeover is effective and, indeed, it is also silent whether implementing resolutions were required at all to accomplish the takeover provided for and in terms at least required by the act.

As we see it, the function of the 6-year time table was to allow for an orderly takeover, one within the absorptive capacity of the county road boards, rather than to impose an absolute time limit for

---

[5] The resolution provided that the dedicated streets and alleys in the subdivisions therein named (among which was the subdivision involved in the present case) were "as per [the McNitt Act] Act #130, Public Acts 1931" taken over as county roads and made a part of the Oakland county road system.

their assumption of control of township roads and dedicated streets and alleys. Accordingly, the legislative purpose would be best served by a construction of the act which does not establish the termination of the prescribed period as an absolute time limit and which recognizes as fully effective a belated implementing resolution such as the one adopted in the present case.[6]

Affirmed. No costs, a public question.

All concurred.

---

[6] *Cf. Fay* v. *Wood* (1887), 65 Mich 390, 401, and *W. R. Reynolds & Co.* v. *Secretary of State* (1927), 238 Mich 552, 554, holding that the failure of a legislative body (the common council in the former case and the board of supervisors in the latter case) to act within the time prescribed by statute did not prevent action thereafter. Similarly see *Hooker* v. *Bond* (1898), 118 Mich 255, 257 (court of chancery), and *Harvey* v. *City Commission of the City of Port Huron* (1923), 225 Mich 368, 371 (charter commission, *dicta*).

We also note that section 19 of PA 1951, No 51 (MCLA § 247.669 [Stat Ann 1958 Rev § 9.1097(19)]) provides in part:

"The board of county road commissioners in each of the several counties shall, within 1 year from the effective date of this act, complete the taking over as county roads of all roads, streets and alleys heretofore required to be taken over as county roads by the provisions of Act No. 130 of the Public Acts of 1931, as amended, being sections 247.1 to 247.13, inclusive, of the Compiled Laws of 1948."

Section 21 of PA 1951, No 51 (MLCA § 247.671 [Stat Ann 1958 Rev § 9.1097(21)]) repealed the McNitt Act.