WATSON v BOARD OF COUNTY ROAD COMMISSIONERS OF
MONTMORENCY COUNTY

1. NEW TRIAL—IMPROPER CONDUCT—NEW EVIDENCE—COURT RULES.

Unauthorized tactics of a defendant, which consisted of making improvements in a trail by chopping down trees, clearing away brush, and crowning and widening the trail after the defendant became aware that a trial court, in an action to determine whether the trail should be considered a public road, had found in favor of the defendant, but before the court had entered a judgment giving defendant power to maintain the trail at its then present width could reasonably be viewed as improper conduct or new evidence sufficient to justify the granting of a partial new trial under the court rules (GCR 1963, 527.1[2], 527.1[6]).

2. HIGHWAYS—PUBLIC ROADS—PUBLIC USER.

The requirements for a trail to become a public road by user are: there must be a defined line of right-of-way for the road, the road must be used and worked upon by public authorities, the road must be traveled over and used by the public for ten consecutive years without interruption, and such possession must be open, notorious, and exclusive so as to provide the owner proper notice of the challenge to his proprietary rights.

3. HIGHWAYS—PUBLIC ROAD—PUBLIC USER—SUFFICIENCY OF EVIDENCE.

There was ample evidence to support a finding that a trail had not become a public road by user where witnesses testified that the trail had no definable right-of-way and that it was impassable to two-car traffic prior to certain unauthorized improvements, and where it was impossible to maintain the road before the improvements were made.

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur 2d, New Trial § 164 et seq.

[2] 25 Am Jur 2d, Easements and Licenses § 7.

39 Am Jur 2d, Highways, Streets, and Bridges §§ 32, 158–162, 195, 196, 198.

[3] 25 Am Jur 2d, Easements and Licenses §§ 78–80.

Appeal from Montmorency, Philip J. Glennie, J. Submitted Division 3 February 8, 1974, at Grand Rapids. (Docket No. 15074.) Decided March 26, 1974.

Complaint by Ray Watson against the Board of County Road Commissioners for the County of Montmorency for a declaratory judgment and injunctive relief to restrain defendant from exercising any jurisdiction over a road running through plaintiff's property. Judgment for defendant. A partial new trial was ordered upon plaintiff's motion, and the trial court reversed its previous judgment. Defendant appeals. Affirmed.

*Higgs & Higgs,* for plaintiff.

*Fred E. Foster,* for defendant.

Before: R. B. BURNS, P. J., and ALLEN and O'HARA,* JJ.

R. B. BURNS, P. J. Plaintiff owns a large plat of land through which an old logging trail runs. Defendant contends that the trail should be considered a public road and part of the county highway system. At the first trial, the trial court found in favor of defendant, and entered a judgment giving defendant power to maintain the trail at its, then, present width and condition. However, after defendant became aware of the terms of the judgment, but before the judgment was entered and without the trial court's knowledge or approval, some of defendant's heavy equipment and employees were sent to make improvements on the

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

trail. They chopped down trees, cleared away brush, and crowned and widened the trail.

Plaintiff brought these actions to the attention of the court in a motion for a new trial. A partial new trial was granted pursuant to GCR 1963, 527. It was determined that before these actions were performed, the trail consisted of two ruts separated by a mound of turf. Only one car could use it at a time and it was impossible to determine where the supposed right-of-way ran. The trail was impassable during parts of the year. It was in no condition to be maintained. The improvements transformed the trail into a dirt road that could be maintained throughout the year, that had a definable right-of-way, and that was wide enough to permit cars to pass each other on meeting. Upon completion of the partial new trial, the trial court entered a new judgment which completely reversed its previous judgment and held that the trail was plaintiff's private property. Defendant appeals claiming that the trial court's second judgment is against the weight of the evidence.

The unauthorized eleventh-hour tactics of the defendant could reasonably be viewed as improper conduct or new evidence sufficient to justify the granting of a partial new trial under either GCR 1963, 527.1(2) or GCR 1963, 527.1(6). See also *Benmark v Steffen,* 9 Mich App 416; 157 NW2d 468 (1968).

The trail was never formally dedicated to public use. The question, then, is whether the trail has become a public road through public user. To be a public highway by user there must be a defined line or right-of-way for the road; the road must be used and worked upon by public authorities; it must be traveled over and used by the public for ten consecutive years without interruption; and

such possession must be open, notorious, and exclusive so as to provide the owner proper notice of the challenge to his proprietary rights. *Alton v Meeuwenberg,* 108 Mich 629; 66 NW 571 (1896), and *Missaukee Lakes Land Co v Missaukee County Road Commission,* 333 Mich 372; 53 NW2d 297 (1952).

Defendant's own witnesses testified the trail had no definable right-of-way and it was impassable to two-car traffic prior to defendant's roadwork. It was impossible to maintain the road before the improvements were made.

There was ample evidence to sustain the findings of the trial judge.

Affirmed. No costs, a public question.

All concurred.