VANSTOCK v BANGOR TOWNSHIP

OPINION OF THE COURT

1. HIGHWAYS—PERMISSIVE USE—HIGHWAY BY USER—PUBLIC ROAD—ELEMENTS.

Permissive use by the public of a road will not alone create a public highway by user; there must be a defined line or right of way for the road; the road must be used and worked upon by public authorities; it must be traveled over and used by the public for ten consecutive years without interruption; and such possession must be open, notorious, and exclusive to provide the owner proper notice of the challenge to his proprietary rights.

2. HIGHWAYS—COUNTY ROADS—TOWNSHIP ROADS—TAKEOVER—McNITT ACT.

The six-year time period provided in the McNitt act for the taking over of township roads by the county road commissions was designed to allow an orderly takeover by the county road commissions, rather than to impose an absolute time limit for assumption of control. (1931 PA 130).

3. HIGHWAYS—TOWNSHIPS—STATUTES—JURISDICTION—CONTROL—IMPROVEMENTS—USE.

Townships are authorized by statute to assume jurisdiction of county roads where county road commissioners have relinquished or discontinued their control; county road commissioners and township boards may contract to provide for the acquisition, construction, establishment, opening, altering, improving and maintaining of any highway within the township; township boards may make improvements to roads within the township and provide public services such as grading and

REFERENCES FOR POINTS IN HEADNOTES

[1] 39 Am Jur 2d, Highways, Streets, and Bridges §§ 26, 61, 62.
[2, 3, 8] 39 Am Jur 2d, Highways, Streets, and Bridges §§ 201, 203, 204.
[4] 27 Am Jur 2d, Equity § 171.
[5] 7 Am Jur 2d, Attorney General § 27.
[6, 7] 39 Am Jur 2d, Highways, Streets, and Bridges §§ 187, 188, 190, 530.

paving; a township has the power to control the use of highways and public places by a public utility. (MCLA 41.411–41.414, 224.18, 247.351.)

4. Equity—Laches—Great Expense—Reliance—Acquiescence.

Laches is a good equitable defense to a proceeding in equity and in actions at law in jurisdictions where equitable defenses may be set up in actions at law; delay for an unreasonable length of time when coupled with either the fact that defendant has incurred great expense relying upon plaintiff's acquiescence or with the fact that the interests of the public have become involved, will ordinarily be held to constitute laches and a good defense.

5. Attorney General—Intervention—Statutes—State Interest—Court Rules.

Anyone is permitted to intervene in an action when a statute confers an unconditional right to intervene; the broad discretion granted by statute to the Attorney General to intervene in suits in which the state has an interest is limited only when intervention by the Attorney General is clearly inimical to the public interest. (MCLA 14.28, 14.101; GCR 1963, 209.1[1].)

6. Trespass—Summary Judgment—Highways—Townships—Appeal and Error—Public User—Question of Fact.

Summary judgment for a plaintiff was error, in a suit for trespass against a township after his construction of a road, where there was a question of fact whether a public road by user had been created.

7. Parties—Intervention—Townships—Road Commissions—Public Roads—Trespass.

Denial of a township's motion to add a county road commission as a defendant in a suit against the township for trespass for its construction of a road, was error where the township alleged the road is a public road by user and has been maintained by the commission for many years and where the commission is a necessary party to the suit in order that complete relief may be given.

Dissent by T. M. Burns, P. J.

8. Highways—Townships—County Road Commissioners—McNitt Act—Trespass—Condemnation.

*The McNitt act removed from the townships and placed with the county road commissioners of the respective counties the au-*

thority to build new roads and maintain and control existing public roads, and did not permit township authorities to establish new roads (1931 PA 130); therefore, a complaint against a township for trespass is well laid where the township established a road across plaintiff's land by condemnation in 1935.

Appeal from Van Buren, David Anderson, Jr., J. Submitted Division 3 April 10, 1975, at Grand Rapids. (Docket Nos. 19664, 19751.) Decided May 28, 1975. Leave to appeal applied for.

Complaint by Celia K. VanStock against the Township of Bangor, Paul Overton, township supervisor, and Roger Thomas, township clerk, alleging trespass. Judgment for plaintiff. Defendant appeals. Reversed and remanded.

*Sheldon Rupert,* for plaintiff.

*The Adams Law Offices, P. C. (Lee Boothby,* of counsel), for defendant.

Before: T. M. BURNS, P. J., and McGREGOR and D. F. WALSH, JJ.

McGREGOR, J. Plaintiff filed a complaint alleging trespass by the Township of Bangor, VanBuren County, by its township supervisor and its township clerk, and prayed for an injunction to enjoin the defendants from trespassing on the alleged property of the plaintiff. This alleged trespass consisted of the construction of a road to Merriman Lake by the defendants, and the use of that road by the township and the public.

The trial court granted plaintiff's motion for summary judgment. Defendant then filed an amended answer, after which the plaintiff filed a second motion for summary judgment. This, too, was granted by the court which again allowed

time for filing an amended answer. A third motion was made, and the court granted this motion for summary judgment.

Between the second and third motions for summary judgment, defendants filed motions to add additional parties as defendants; among them were the VanBuren County Road Commission, and individuals Cecil Funk, Richard Johnson and Sylvester Newmum, all residents and taxpayers of Bangor Township and VanBuren County who had used the roadway in question to gain access to Merriman Lake. The Attorney General of Michigan filed a motion to intervene on behalf of the state.

In granting a third motion for summary judgment, the trial court characterized the defendants' answer in the following manner: Defendants claim that the road in question is a public road and that the plaintiff knew or should have known when she purchased the property that this was a public road, and that plaintiff, therefore, had no right to complain about the defendants' actions. Defendants base their claim that the road is public on the following grounds; (1) that Bangor Township acquired the land for the road by proceedings in 1935; (2) that the road has been maintained by public authorities and has been used openly and adversely by the general public since 1936 and, therefore, is a public road by use; (3) that the alleged road has been maintained at public expense by the county road commission since 1936 and is, therefore, a public road; and (4) defendants further assert that the plaintiff is estopped from maintaining any action because of the doctrine of laches. The trial court denied the motions by all parties, holding that the residents and taxpayers of Bangor Township are adequately represented by the present defendants.

The Attorney General's brief, seeking to intervene on behalf of the Department of Natural Resources, was accompanied by a brief of the pertinent law.

Defendants have offered the following factual basis for their claim: In 1935, the Township of Bangor, through legally valid proceedings, established a public roadway across the lands in question; the township paid the then owners of the property $51.16 for damages in condemnation proceedings; immediately thereafter, the township commenced construction, grading and gravelling the roadway, which was then used by the public; and the County of VanBuren road commission maintained the road from 1936 to 1970.

On appeal, this Court is asked whether, as a matter of law, a township may acquire a road through condemnation proceedings for public use or by purchase, or if the plaintiff is estopped to deny the public or defendants' title to a roadway allegedly in existence and used openly and adversely since 1936.

The trial court and the plaintiff contend that the McNitt act[1] does not permit township authorities to establish new roads. As authority therefor, the plaintiff relies on two cases and an Attorney General's opinion. First, in *City of Menominee v County of Menominee,* 283 Mich 146; 277 NW 863 (1938), the Court stated:

"Today we have no township roads * * * this act provided for complete termination of township highway control."

A closer examination of *Menominee* reveals that

[1] 1931 PA 130 (the McNitt act), being MCLA 247.1 *et seq.;* MSA 9.141 *et seq.* Repealed and replaced by 1951 PA 51, being MCLA 247.651 *et seq.;* MSA 9.1097(1) *et seq.*

the language quoted was dictum. The suit was brought to determine the proper method of apportionment of funds for highway maintenance purposes. The case does not hold that a township cannot acquire further roads, but merely construes an ambiguous clause in the act for purposes of apportioning highway maintenance funds.

Secondly, plaintiff relies on *In re Petition of Wernicke,* 331 Mich 91; 49 NW2d 76 (1951), holding that the McNitt act became effective on September 18, 1931. Plaintiff contends that this language means that a township had no authority to establish a township road by condemnation, purchase, use or any other means. The actual holding of the case was that a circuit court cannot grant a petition to have a highway vacated, as the Legislature had granted the sole and exclusive jurisdiction over county roads to the county boards of road commissioners.

Thirdly, plaintiff relies on an opinion of the Attorney General of October 13, 1932, which stated that the McNitt act repealed by implication that portion of the general highway law which permitted township authorities to establish new township roads.

Finally, plaintiff relies on *Missaukee Lakes Land Co v Missaukee County Road Commission,* 333 Mich 372; 53 NW2d 297 (1952), and *Village of Bellaire v Pankop,* 37 Mich App 50; 194 NW2d 379 (1971), for the proposition that mere use by the public does not alter the character of a private road. Plaintiff further draws the implication that unless there is an offer and an acceptance by a proper public authority, a public highway by use cannot be created. The cases actually hold that mere permissive use alone will not create a highway by user; that the use must be open, notorious

and hostile for the requisite period of time in order to create a highway by public user. In *Village of Bellaire, supra,* the county road commission merely certified the road in question to the state highway commissioner as a county road.

The situation in Michigan case law most analogous to the present controversy is found in *In re Petition of Miller,* 18 Mich App 480; 171 NW2d 473 (1969). There, the plaintiff sought to vacate a street and alley in Waterford Township on the ground that the takeover resolution by the county board of road commissioners was adopted out of the time limits set by the McNitt act and was, therefore, ineffective. Interpreting the McNitt act, this Court held, at p 483:

> "In this case, although the board's takeover resolution was adopted out of time, it was adopted soon after the expiration of the prescribed time. The act does not state that a takeover after the expiration of the 6-year period is prohibited. It is entirely silent whether a late takeover is effective and, indeed, it is also silent whether implementing resolutions were required at all to accomplish the takeover provided for and in terms at least required by the act."

This Court further held that the legislative purpose would best be served by construing the act not as an absolute time limit but as a timetable to allow an orderly takeover by the county of township roads. In addition, this Court raised but left open the question of whether roads never adopted by the county road commission are nonetheless county roads by virtue of the McNitt act. *Conlon v Department of Treasury,* 31 Mich App 180; 187 NW2d 491 (1971).

Defendants refer to section 18 of the general highway law, MCLA 224.18; MSA 9.118, which

allows the county road commissioners to relinquish control or discontinue a county road, with the jurisdiction and control then reverting to the township. Other statutes authorize and empower the township board of any township and the county board of road commissioners to enter into a contract to provide for the acquisition, construction, establishment, opening, altering, improving and maintaining of any highway within the township. MCLA 247.351; MSA 9.195(1). Township boards may also make improvements and provide public services by grading, paving, etc. of roads within the township limits. MCLA 41.411–41.414; MSA 5.2411–5.2414.

The Michigan Supreme Court has recognized that a township has the power to control the use of highways and public places by a public utility. *Union Township v City of Mount Pleasant,* 381 Mich 82; 158 NW2d 905 (1968).

In the case at bar, in treating the issue of whether a road can be dedicated by a public user, the trial court has misconstrued the *Missaukee Lakes* decision. In his opinion, the trial judge correctly states that mere permissive use of a private road by the general public, however long continued, will not make it a public road. In arriving at this conclusion, the trial court incorrectly has assumed that the use by the defendants and the public was permissive. In defendants' answer to the motion for summary judgment, they pleaded that the highway road commission of Van-Buren County graded and gravelled the road for a period between 1936 and 1970. The trial judge correctly stated that this was sufficient to raise a question of fact, if the county highway authority were a party to the present suit.

The present defendants did attempt to add the

county highway commission to this action as a necessary party, but their motion was denied by the trial court and they were excluded. In denying their motion, the court stated "there is no assertion that the VanBuren road commission asserts any interest in the proceedings nor does the motion claim or seek any remedy or cause of action by the present defendants against the road commission". It appears that the trial court is stating that the county road commission could establish title to the road through use and, if this were so, the motion for summary judgment would have to be denied; yet, when the present defendants attempted to join the highway commission with the defendant township as a party, their motion was denied.

It is well established that privately owned land can become a public road by user. However, "to be a public highway by user there must be a defined line or right of way for the road; the road must be used and worked upon by public authorities; it must be travelled over and used by the public for ten consecutive years without interruption; and such possession must be open, notorious, and exclusive so as to provide the owner proper notice of the challenge to his proprietary rights". *Alton v Meeuwenberg,* 108 Mich 629; 66 NW 571 (1896), *Missaukee Lakes Land Co v Missaukee County Road Commission, supra.* Also see *Watson v Board of County Road Commissioners of Montmorency County,* 52 Mich App 258, 260–261; 217 NW2d 129 (1974). Whether such exclusive, open and notorious public use for the required period has been established in the instant matter is a question of fact. *DeWitt v Roscommon County Road Commission,* 45 Mich App 579, 582; 207 NW2d 209 (1973).

GCR 1963, 117.3 allows granting a motion for

summary judgment if there is no genuine issue of fact. In the instant matter, the question of whether a public road by user was created was a question of fact which should have been submitted to a jury, or determined by the trial court if there was no jury.

The trial court treated defendants' issue of plaintiff's laches summarily and stated that, since the construction of the road commenced on July 16, 1971, and the plaintiff filed suit on January 17, 1972, laches was not present. Plaintiff moved into her home in 1953 and the defendants allege that the public had been using the road since 1936. The defendants further maintain in their pleadings that the disputed road has been improved and maintained by the county road commission and the township since 1936 and that, since 1953, plaintiff has not asserted title to the land in question, even though the road had been openly used by the public and maintained by the highway road commission. In this regard, the Michigan Supreme Court has held:

"Laches is a good equitable defense to an action or proceeding by an owner both in equity and in actions at law in jurisdictions where equitable defense may be set up in actions of law; and delay for an unreasonable length of time, when coupled with either the fact that defendant has incurred great expense relying upon such acquiescence or with the fact that the interest of the public have become involved will ordinarily be held to constitute laches and a good defense." *Kipp v State Highway Commissioner,* 286 Mich 202, 210; 281 NW 592 (1938).

If the defendants' statements are true, plaintiff stood by for 19 years while the road was used by the public and maintained by the county road commission and the township. The trial court did

not address itself to the factual allegations of public use since 1936.

The trial court denied the motions to add parties, as well as the Attorney General's motion to intervene, on the ground that the residents and taxpayers of the county at large were adequately represented by the township. Intervention by the Attorney General is based upon MCLA 14.28; MSA 3.181, which gives the Attorney General broad powers to intervene in suits in which the state has an interest. The Attorney General's power to intervene is further defined in decisional authority. In *Gremore v People's Community Hospital Authority,* 8 Mich App 56; 153 NW2d 377 (1967), this Court held:

"We read *People v Johnston,* 326 Mich 213 [40 NW2d 124] (1949) as holding that the broad discretion granted the Attorney General by CL 1948, §§ 14.28 and 14.101, *supra,* is only limited when intervention by the Attorney General is clearly inimical to the public interest."

The Attorney General contends that the Michigan Department of Natural Resources has an interest in the present matter. That department is charged with preserving the valuable resources in the lakes of Michigan and affording the general public opportunities to fish, boat, and enjoy other recreational uses thereon. Such responsibilities bring the department's interest within the ambit of the present suit. It cannot be said that the Attorney General's intervention on these grounds would be inimical to the public interest.

It appears that the trial court may have confused the motions of the parties and the applicable court rules. Under GCR 1963, 205, the rule controlling joinder of necessary and proper parties, it is not necessary that a party seeking to be added

file a complaint. However, under GCR 1963, 209.3, controlling intervention, it is required that the party seeking to intervene file a complaint. Further, the trial court treated the Attorney General's motion as coming under the necessary and proper party rule, when in actuality the Attorney General sought to intervene.

GCR 1963, 209.1(1) provides, in part:

"Anyone shall be permitted to intervene in an action
"(1) when a statute of this state confers an unconditional right to intervene".

Statutory authority, 1919 PA 232 (MCLA 14.101; MSA 3.211) authorizes and empowers the Attorney General:

"[T]o intervene in any action heretofore or hereafter commenced in any court of the State whenever such intervention is necessary in order to protect any right or interest of the State, or of the people of the State. Such right of intervention shall exist at any stage of the proceeding and the Attorney General shall have the same right to prosecute an appeal, or to apply for a rehearing or to take any other action or step whatsoever that is had or possessed by any of the parties to such litigation." (Emphasis added.)

In addition to the foregoing, Revised Statutes of 1846, Chapter 12, § 28 (MCLA 14.28; MSA 3.181), also allows the Attorney General to intervene in an action "when in his own judgment the interests of the state require it * * * in which the people of the state may be a party or interested."

In the absence of any showing that such intervention is inimical to the public interest, the Attorney General's statutory right of intervention should not be denied. *Gremore v People's Community Hospital, supra, People v Johnston,* 326 Mich

213; 40 NW2d 124 (1949), and *In re Lewis' Estate,*
287 Mich 179; 283 NW 21 (1938).

The county road commission is a necessary
party to the suit in order that complete relief may
be given.

Denials of the motion of the Attorney General to
intervene and the motion of the defendants to add
the county road commission are reversed.

This matter is remanded to the trial court for a
trial on the merits of whether a public road by
user was created and, if requested, a trial by jury
may be had on the question of fact as to the public
use of said roadway as open, notorious and hostile
for the required time to establish the public's right
to continue to use it, and such other issues and
relief as may be pertinent to the pleadings.

Costs to defendants.


D. F. WALSH, J., concurred.


T. M. BURNS, P. J. *(dissenting).* I respectfully
dissent concerning my brothers' resolution of the
controlling issue in this case, namely, whether the
Township of Bangor had the authority to construct
a road over and across plaintiff's property.

I agree with the trial court and the plaintiff that
the McNitt act[1] does not permit township authori-
ties to establish new roads. The defendants in the
case at bar had no authority to establish a town-
ship road by condemnation, purchase, use or any
other means.

In my dissenting opinion in *Klein v Dudley,* 59
Mich App 515, 520–521; 229 NW2d 831 (1975), I
said:

"My reading of the act leads me to the conclusion

---

[1] PA 1931, 130; being MCLA 247.1 *et seq.;* MSA 9.141 *et seq.*

that under the act, the townships were prohibited from acquiring any property for road purposes. The act removed all highway construction and maintenance responsibility from the township and placed the burden of maintaining township highways on the county road commission. See *Maynard v Hawley, supra.* [2] I find it inconceivable that the Legislature would require the townships to rid themselves of their current roadways, but allow them to purchase or construct new ones. Such a finding would, in my opinion, be contrary to the legislative intent."

I find nothing in the opinion of the majority which would lead me to abandon the position I embraced in *Klein v Dudley, supra.* Since the authority to build new roads and maintain and control any public roads was removed from the townships and placed with the county road commissioners of the respective counties, defendant had no right to construct the road in question over plaintiff's lands, and, therefore, the complaint in trespass is well laid.

Accordingly, I would hold that the trial court was correct in granting the third order for summary judgment, in denying the motion to add defendants, in denying the petition to intervene by the Attorney General and in granting the injunction against continued trespass.

I vote to affirm.

---

[2] 331 Mich 123; 49 NW2d 92 (1951).