THUNDER MOUNTAIN HEIGHTS LAND CORPORATION *v.*
VAN BUREN COUNTY ROAD COMMISSION.

1. DEDICATION—HIGHWAYS—INFERENCES.
    Dedication of land to the public for a highway by use will
    not be inferred from facts and surrounding circumstances
    unless they imply not only an offer, but an acceptance of
    the same, for public use.

2. SAME—HIGHWAYS ALONGSIDE RIVER.
    Public authorities will be restrained from taking land for high-
    way purposes under a claimed dedication by use, where the
    traveled part used as a highway runs alongside a riverbank
    but does not include the bank and the beach and there has
    been no acceptance thereof by the public as part of a highway.

3. COSTS—AFFIRMANCE OF DECREE—BRIEF.
    No costs are allowed upon affirmance of a decree for plaintiff
    landowners in their suit to enjoin county road commission
    from interfering with fence over strip of land commission
    claimed was a public highway, where appellees filed no brief.

Appeal from Van Buren; Mosier (Carl D.), J.
Submitted January 6, 1955. (Docket No. 42, Cal-
endar No. 46,356.) Decided March 9, 1955.

Bill by Thunder Mountain Heights Land Corpora-
tion, a Michigan corporation, and other property
owners, against Van Buren County Road Commis-
sion, its members and superintendent, to establish
right to private road and enjoin trespass. Defend-

REFERENCES FOR POINTS IN HEADNOTES
[1] 16 Am Jur, Dedication § 30.
[2] 16 Am Jur, Dedication §§ 35, 36.
[3] 14 Am Jur, Costs § 92.

ants affirmatively ask determination of road as public highway.   Decree for plaintiffs.   Defendants appeal.  Affirmed.

*Sheldon Rupert,* for defendants.

BOYLES, J.  Plaintiffs are owners of land in a certain plat fronting on Lake Michigan in Van Buren county.   The defendant county road commission claimed a right-of-way, as a public road, over certain land in said plat leading to the beach and water's edge on the lake.  Plaintiffs erected a fence across said claimed public road, preventing its use as such.   The defendant county road commission threatened to remove the fence and plaintiffs filed the instant bill of complaint to enjoin the defendant from interfering with the fence or trespassing on plaintiffs' property.  Issue was joined and testimony taken and the trial judge entered a decree that the area in question was private property, not a public highway or thoroughfare, and enjoined the defendant from trespassing, or from interfering with the fence.  Defendant appeals.

This property was platted in 1941, approved by the Van Buren county board of road commissioners, and recorded in 1944.  It showed that the streets, walks and parks in the plat were dedicated to the use of the lot owners only, except highway US–31 which had been conveyed to the people for road purposes, and also excepting a strip of land called Valley road also dedicated to the use of the public.  On the plat Valley road was designated as a road 50 feet in width, running east and west, beginning at US–31 on the east and running west, ending at a private north-and-south street called Lake street on the plat.  This western terminus of Valley road was approximately 650 feet east of the lake shore and said 650-foot strip of land from Valley road to the

lake is here in controversy. The county road commission claims it is a public highway, and seeks to prevent the plaintiffs from depriving the public from using it by having erected a fence across it near its eastern terminus. For that purpose, the defendant road commission sought affirmative relief in its answer.

The essence of the defendant's claim is that there has been such a use by the public, over a claimed highway from the western terminus of Valley road, as dedicated in the plat, westerly to Lake Michigan, as to make it a public highway.. It follows the course of a creek which sometimes overflows its banks and washes out the road. Consequently the road—called a "trail" by some of the witnesses—did not always follow the same route. In the early days it was used as a logging or lumbering road. As this use disappeared it was used at times by commercial fishermen. In later years its use has been limited to recreational purposes. At times it has been repaired for use by public-highway authorities, especially since the county road commission reported it to the State as a county road taken over under the so-called McNitt act.* During that time a new bridge was erected on the Valley road by the county to replace an old one. The westerly 650 feet between the west end of the Valley road and the lake runs along Rogers. creek. On the south side of the road there are high bluffs. As the course of Rogers creek was changed over the years by reason of overflow, that part of the road here in question was correspondingly changed. It has followed no definite or established route. At times landowners have posted signs on it against trespassing and a landowner once erected and chained a gate across it. County maps occasionally showed a road from US–31 to the lake after the

---

* See CL 1948, § 247.1 *et seq.* (Stat Ann § 9.141 *et seq.*).—REPORTER.

county had certified it to the State as a county road taken over under the McNitt act, and during that time it was occasionally maintained or repaired by the county. However, there is no claim of a dedication of the road here involved either by plat or otherwise except by use and maintenance by the public.

The proofs fall short of establishing a dedication of this strip of land to the public by use, for highway purposes. Dedication of land to the public for a highway by use will not be inferred from facts and surrounding circumstances unless they imply not only an offer, but an acceptance of the same, for public use. Where the traveled part used as a highway runs alongside a river-bank but does not include the bank and the beach, there has been no acceptance thereof by the public as part of a highway, and the court will properly restrain the public authorities from taking said land without condemnation proceedings. *Smith* v. *State Highway Commissioner,* 227 Mich 280.

The instant case quite closely parallels a situation recently before this Court in *Missaukee Lakes Land Company* v. *Missaukee County Road Commission,* 333 Mich 372, decided in 1952. The factual situation here is quite like that in the *Missaukee Case,* and the cases there cited are applicable here. We there held that the plaintiff landowner might enjoin the defendant county road commission from interfering with a fence placed across a road traversing the plaintiff's property, on a claim that the road was a county highway under the McNitt act by reason of implied dedication or use by the public. The facts in that case are significantly similar to those in the case at bar, and the conclusions reached therein control here.

Affirmed. No costs, appellees not having filed a brief in this Court.

CARR, C. J., and BUTZEL, SMITH, SHARPE, REID, DETHMERS, and KELLY, JJ., concurred.