*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

RUTHANN O'BRIEN, TERRY WHEELOCK, and
SANDRA WHEELOCK,

        Plaintiffs-Appellees,

v

JESSE D. EMMONS, BRENDA S. EMMONS,
CLEARWATER TOWNSHIP, CLEARWATER
TOWNSHIP ASSESSOR, and CLEARWATER
TOWNSHIP FOIA COORDINATOR,

        Defendants,

and

KALKASKA COUNTY ROAD COMMISSION,

        Defendant-Appellant.

UNPUBLISHED
April 21, 2022

No. 355435
Kalkaska Circuit Court
LC No. 19-013227-CZ

Before: CAMERON, P.J., and CAVANAGH and GADOLA, JJ.

PER CURIAM.

In this quiet title action, defendant, Kalkaska County Road Commission, appeals as of right an order denying its motion for summary disposition brought under MCR 2.116(C)(7). We affirm.

## I. BACKGROUND FACTS

Plaintiffs moved for quiet title to a road described as Richardson Road in Williamsburg, Michigan, arguing that defendant had abandoned the unpaved road which ran over each of their properties. Defendant denied that it had abandoned the road and argued that, even if it had, it was immune to claims for quiet title on the basis of abandonment under MCL 600.5821(2). Defendant further argued that Richardson Road was a public road because it had adopted the road in 1936 pursuant to the McNitt Act, MCL 247.669, and, in the alternative, became a public road through the highway-by-user statute, MCL 221.20.

-1-

Subsequently, defendant moved for summary disposition on the basis of governmental immunity and argued that Richardson Road was a public road which defendant had maintained. Plaintiffs opposed the motion, arguing that defendant was not entitled to immunity and the road was neither used by the public nor maintained by defendant. In fact, plaintiffs noted, there was not even a defined line of travel because of overgrown vegetation and it went through a wooded area that was not accessible to the public. Following a hearing, the trial court issued an opinion and order denying defendant's motion for summary disposition. The trial court held that there was "a near total lack of any proof of *public use* of Richardson Road, recently or historically, that has been offered by [defendant]." Thus, defendant had not proven that the road was a public road or that a highway by user was established under the highway-by-user statute. Further, the court held, MCL 600.5821(2) did not provide defendant with immunity against plaintiffs' claim to quiet title on the ground of abandonment. This appeal followed.

## II. ANALYSIS

### A. STANDARD OF REVIEW

This Court reviews de novo the trial court's decision on a motion for summary disposition, as well as the applicability of governmental immunity, and the proper interpretation of statutes and court rules. *Hoffner v Lanctoe*, 492 Mich 450, 459; 821 NW2d 88 (2012); *Brecht v Hendry*, 297 Mich App 732, 736; 825 NW2d 110 (2012); *McLean v McElhaney*, 289 Mich App 592, 596; 798 NW2d 29 (2010). Defendant moved for summary disposition under MCR 2.116(C)(7), and argued that it was entitled to immunity against claims for quiet title regarding abandonment under MCL 600.5821.

> MCR 2.116(C)(7) provides that a motion for summary disposition may be raised on the ground that a claim is barred because of immunity granted by law. When reviewing a motion under MCR 2.116(C)(7), this Court must accept all well-pleaded factual allegations as true and construe them in favor of the plaintiff, unless other evidence contradicts them. If any affidavits, depositions, admissions, or other documentary evidence are submitted, the court must consider them to determine whether there is a genuine issue of material fact. If no facts are in dispute, and if reasonable minds could not differ regarding the legal effect of those facts, the question whether the claim is barred is an issue of law for the court. [*Dextrom v Wexford Co*, 287 Mich App 406, 428-429; 789 NW2d 211 (2010) (citations omitted).]

### B. MCL 600.5821(2)

Defendant argues that MCL 600.5821(2), which was amended[1] in 2016, abrogates the theory of common-law abandonment and grants defendant immunity from such claims by plaintiffs. We disagree.

MCL 600.5821(2) states:

---

[1] See 2016 PA 52, effective June 20, 2016.

In an action involving the recovery or the possession of land, including a public highway, street, alley, easement, or other public ground, a municipal corporation, political subdivision of this state, or county road commission is not subject to any of the following:

(a) The periods of limitations under this act.

(b) Laches.

(c) A claim for adverse possession, acquiescence for the statutory period, or a prescriptive easement.

Our Supreme Court explained in *Whitman v Burton*, 493 Mich 303, 311; 831 NW2d 223 (2013), that in order to discern and give effect to the intent of the Legislature, this Court must "begin by examining the most reliable evidence of that intent, the language of the statute itself. If the language of a statute is clear and unambiguous, the statute must be enforced as written and no further judicial construction is permitted."

Defendant argues that, pursuant to MCL 600.5821(2), it is immune from plaintiffs' claims. But the clear and unambiguous language of MCL 600.5821(2)(c) provides "a municipal corporation, political subdivision of this state, or county road commission" with immunity from a claim for "adverse possession, acquiescence for the statutory period, or a prescriptive easement" and plaintiffs' claim is for quiet title on the basis that Richardson Road was abandoned by defendant. Therefore, this argument is without merit. Accordingly, the trial court did not err when it denied defendant's motion for summary disposition under MCR 2.116(C)(7) because MCL 600.5821(2) does not prevent plaintiffs' claim for quiet title on the theory that defendant abandoned Richardson Road.

## C. RICHARDSON ROAD

Next, defendant argues that Richardson Road was a public road established under the McNitt Act or, in the alternative, by the highway-by-user statute. We disagree.

The McNitt Act, MCL 247.669, "required the board of county road commissioners of each county to take over as county roads the total township highway mileage in the county" within six years of the enactment of the Act. *Petition of Miller*, 18 Mich App 480, 482-483; 171 NW2d 473 (1969). In *Kraus v Dep't of Commerce*, 451 Mich 420, 428-429; 547 NW2d 870 (1996), our Supreme Court held that to complete a dedication and create a public interest in a roadway, the McNitt resolution must expressly identify "a platted road or the recorded plat in which the road in dispute was dedicated." That is, the acceptance of property as dedicated to public use must be manifestly clear in the resolution. This Court has held that "as long as a McNitt resolution expressly identifies the street in question, the resolution suffices as evidence of a formal acceptance of the street." *Grayling Twp v Berry*, 329 Mich App 133, 145; 942 NW2d 63 (2019) (quotation marks and citation omitted).

In *Kraus*, 451 Mich at 428 n 4, our Supreme Court noted that it had previously determined, in *In re Vacation of Cara Avenue*, 350 Mich 283, 288-289; 86 NW2d 319 (1957), that a McNitt

-3-

resolution was controlling for whether a county road commission was taking over a portion of road if (1) there was a formal dedication of the road, (2) the township formally approved and recorded the dedication of the road, (3) there was no intervening formal withdrawal of the dedication or use inconsistent with the dedication, (4) the county road commission had passed the McNitt Act resolution, and (5) the main portion of the street had been maintained or paved.

In this case, defendant argues that a 1927 land economic survey by the Michigan Department of Conservation demonstrates that Richardson Road existed in its present location and that it was the road defendant took control over pursuant to a 1936 McNitt Act notice. Additionally, defendant argues that the Clearwater Township annual certification maps from 1968, 1970, 1984, and 1995 depict the same area, as well as surveys performed on the Wheelocks' property in 2003 and 2016.

However, plaintiffs argue that the 1936 McNitt Act notice depicts a road that starts 2,000 feet west of where the Richardson Road at issue begins in the sectioned plat, as depicted in a survey by a retained expert, Craig J. Pullen. Furthermore, the 1936 McNitt Act notice describes Richardson Road as a .5-mile road, whereas the survey of the road in question, conducted by Pullen, is .9 miles long.

Defendant continues to contend that the road has been marked similarly in each of the historical maps. However, even if defendant has taken control of some portion of the road in the same plat, plaintiffs have presented evidence—which defendant has not successfully rebutted—that the road at issue is not the same road as the road in those maps. Simply put, defendant bears the burden of demonstrating that it took control over the road at issue. It is not sufficient to simply claim that a road named Richardson Road was designated in each map before, and after, the McNitt Act notice, and thus, plaintiffs' claim to a portion of some road in the same area must fail. Therefore, the 1936 McNitt Act notice does not establish that the relevant portion of Richardson Road at issue was taken over by defendant.

Defendant argues, in the alternative to the McNitt Act, that Richardson Road was established as a highway by user, pursuant to MCL 221.20, which states:

> All highways regularly established in pursuance of existing laws, all roads that shall have been used as such for 10 years or more, whether any record or other proof exists that they were ever established as highways or not, and all roads which have been or which may hereafter be laid out and not recorded, and which shall have been used 8 years or more, shall be deemed public highways, subject to be altered or discontinued according to the provisions of this act. All highways that are or that may become such by time and use, shall be 4 rods in width, and where they are situated on section or quarter section lines, such lines shall be the center of such roads, and the land belonging to such roads shall be 2 rods in width on each side of such lines.

"The statute . . . is a fair notice to the owner that if he means to dispute the rightfulness of the public user, he must assert his right within the prescribed period in some way calculated to interfere with, disturb or interrupt such use by the public, or by the institution of a suit for the judicial determination of the right." *City of Kentwood v Estate of Sommerdyke*, 458 Mich 642, 655; 581

NW2d 670 (1998) (quotation marks, emphasis, and citation omitted). "[U]nless the highway is abandoned in its entirety, the dedicated land remains owned by the public to the full extent of the four-rod width." *Id*. at 661. This Court in *Beulah Hoagland v Emmet Co Rd Comm*, 236 Mich App 546; 600 NW2d 698 (1999), stated that in order for a public highway to be established as a highway by user, pursuant to MCL 221.20, it must be shown that there is "(1) a defined line, (2) that the road was used and worked on by public authorities, (3) public travel and use for ten consecutive years without interruption, and (4) open, notorious and exclusive public use." *Id*. at 554-555. The governmental agency asserting a highway by user was established has the burden of proof. *Villadsen v Mason Co Rd Comm*, 268 Mich App 287, 292; 706 NW2d 897 (2005).

First, we consider the "defined line" element. *Beulah Hoagland*, 236 Mich App at 554. "In order to satisfy the defined line element of a highway by user, there must be a defined line of travel with definite boundaries." *Villadsen*, 268 Mich App at 294 (quotation marks and citation omitted). In *Villadsen*, the plaintiff property owners moved to quiet title to a portion of a road, and the defendant road commission disputed the plaintiffs' claim, arguing that the road was a public road under the highway-by-user statute. *Id*. at 289-291. The plaintiffs argued that the road changed with the natural elements, and therefore, it did not have a defined line. *Id*. at 294. This Court disagreed with the plaintiffs' assertion and stated that the road followed "a definite or established route despite the detours" that may have been caused by overflooding wetlands that were adjacent to the road because the path of the road remained the same. *Id*. at 295. This Court distinguished the circumstance from our Supreme Court's ruling in *Thunder Mountain Hts Land Corp v Van Buren Co Rd Comm*, 342 Mich 88, 90; 68 NW2d 765 (1955), in which our Supreme Court refused to consider a "trail," that ran alongside a river, to be a definite or established route because the direction and line of the trail was changed by the overflowing water throughout the years. *Villadsen*, 268 Mich App at 294-295.

In this case, plaintiffs argue that the Richardson Road at issue goes through ravines, ridges, gullies, and woods in a manner reflective of its historical origin, and therefore, it is not a defined line. However, this does not establish that the Richardson Road route at issue changes, or has changed, on the basis of the surrounding natural elements like the trail in *Thunder Mountain*. Simply put, a road that goes through ravines, ridges, gullies, and woods may still be a defined and established route with definite boundaries.

Nevertheless, defendant bears the burden of demonstrating that the Richardson Road at issue is a defined line of travel with definite boundaries. See *id*. at 292, 294. Defendant contends that the 1927 land economic survey conducted by the Michigan Department of Conservation shows that Richardson Road has a defined line because it has not changed in any of the annual certification maps from 1968, 1970, 1984, or 1995, as well as surveys performed on the Wheelocks' property in 2003 and 2016. As stated, plaintiffs contend that the Richardson Road at issue varies by more than .4 miles in length, and 2,000 feet in location, from the surveys presented by defendant.

Defendant argues that a road is demonstrated to have a defined line when it is shown that the road has the same location and same route of travel. However, there is clearly a dispute about the location of the road at issue. Therefore, defendant has not demonstrated by a preponderance of evidence that the road at issue is the road that has had the same location in the annual certification maps from 1968, 1970, 1984, or 1995.

-5-

Next, we consider the second element of a highway by user, i.e., whether the road was used and worked on by public authorities. *Beulah Hoagland*, 236 Mich App at 554. "[P]ublic authorities must engage in more than infrequent, minor maintenance to satisfy this element of a highway by user." *Villadsen*, 268 Mich App at 295. "However, the nature of the road must also be considered in determining whether this element is satisfied." *Id*. "Work on country roads . . . is adjusted also to the needs of local traffic and local inhabitants." *Id*. at 296 (quotation marks and citation omitted).

In this case, defendant argues that it had consistently maintained the road as needed and that it first worked on the road in 1937, as demonstrated by an October 7, 1937 Kalkaska County Road Commission Annual Report. Additionally, defendant argues that it improved the road in the 1950s, inspected the road in the mid-1980s, inspected the road in 1996, and placed a "seasonal road" sign at the road's intersection in 2017.

However, the documentary evidence submitted by defendant does not show that defendant worked on the road in any substantive way. The 1937 Annual Report demonstrates that defendant had total expenditures for all areas in Kalkaska County. Even though it states that defendant "resurfaced with gravel 10 1/2 miles, and 2 3/4 miles of black top" in "Clearwater Township," the Annual Report does not state what roads were resurfaced, and it does not state whether Richardson Road was maintained or improved with the money that was earmarked in this report.

Additionally, defendant's Road and Street Inventory Log from August 29, 1952 only shows that a road starting at "rd 17 @ d of Rd #6" in Clearwater Township is overgrown and that it should be certified.[2] Defendant's mileage log from 2006 does not differentiate which roads were included; defendant's work log from November 15, 2017 only demonstrates that one of defendant's employees was on Richardson Road and "drove it" for a distance of "0.9"; and defendant's hand written notes from 2017 only purport to show there was some work on Richardson Road that defendant claims was a seasonal sign.

Even though defendant may only need to show that the work it performed is adjusted to the needs of the local traffic, there is no evidence to demonstrate that defendant did that specific work. Therefore, defendant has not demonstrated that this element has been met.

Finally, we turn to whether there was open, notorious, and exclusive public travel and use for ten consecutive years without interruption. *Beulah Hoagland*, 236 Mich App at 555. "The public use element requires evidence of use of the roadway claimed to be a highway by user by members of the *general* public, not merely by employees of a governmental entity, on a repeated basis for the requisite ten-year period." *Villadsen*, 268 Mich App at 298 (quotation marks and citation omitted).

> It is sufficient if the road was traveled as much as the circumstances of the surrounding population and their business required. Furthermore, a road used by

---

[2] Defendant's exhibits do not make clear that Road 17 is Richardson Road, or that Road 17 is the road in issue. Although defendant's Exhibit 11 highlights the road referred, there is no indication that this is the road at issue.

the public for gaining access to areas for hunting and recreation may satisfy the public use requirement. However, the road must be used by members of the general public and not merely the friends and family of people living on the road. [*Id.* at 299 (quotation marks, alteration, and citation omitted).]

Defendant argues that Richardson Road was adopted under the McNitt Act in 1936 and that defendant continued to maintain the road in intervals since that date. Additionally, plaintiffs' predecessors in interest relied on the Richardson Road's public character in selling their land. Furthermore, defendant argues that the trial court erred by relying on *Villadsen* because our Supreme Court stated, in affirming *Villadsen*, 268 Mich App 268, that

> [t]he parties and the lower courts were unnecessarily concerned with evidence regarding use and maintenance of the road *after* the time when it is clear a public road had already been established. The highway-by-user statute, MCL 221.20, allows public highways to be *established* under a theory of implied dedication. The evidence pertaining to the use and partial disrepair of the road after the public road was established was irrelevant to whether a highway by user was established [*Villadsen v Mason Co Rd Comm*, 475 Mich 857; 713 NW2d 770 (2006) (citation omitted).]

Defendant argues that it had already established Richardson Road as a public road through the McNitt Act, and residents who owned property on the road had relied on, and advertised, Richardson Road as a public road. But defendant ignores the fact that plaintiffs contest the description of the road on the McNitt Act notice, and plaintiffs have moved for quiet title of a road, referred to as Richardson Road, that has different characteristics than the road described by defendant.

The trial court's reliance on the lack of evidence that the public had used the road does not detract from the fact that defendant has not established that the road at issue is the same road purportedly established under the McNitt Act. "A trial court's ruling may be upheld on appeal where the right result issued, albeit for the wrong reason." *Gleason v Dep't of Transp*, 256 Mich App, 1, 3; 662 NW2d 822 (2003).

To summarize, there is no evidence that defendant took jurisdiction over the relevant portion of Richardson Road pursuant to a McNitt Act resolution, especially when considering that plaintiffs dispute the characteristics of the road as being different from the road that they are moving for quiet title. Nor is there any evidence establishing that the portion of Richardson Road at issue was ever considered to be a township highway by user. In the absence of such evidence,

the trial court did not err by ruling that defendant was not entitled to summary disposition under MCR 2.116(C)(7).

Affirmed.

/s/ Thomas C. Cameron
/s/ Mark J. Cavanagh
/s/ Michael F. Gadola